In the Matter of AMERICAN CHICLE COMPANY, Petitioner, against STATE TAX COMMISSION OF THE STATE OF NEW YORK, Respondent.

Third Department, March 27, 1958.

*Murray Taylor* for petitioner.

*Louis J. Lefkowitz, Attorney-General (Paxton Blair* and *Robert W. Bush* of counsel), for respondent.

GIBSON, J. In this proceeding we review the determination of the State Tax Commission which sustained an assessment of a recomputed license fee imposed upon petitioner, a New Jersey corporation doing business in New York, by section 181 of the Tax Law.

The section provides, in part: "Every foreign corporation * * * doing business in this state, shall pay a license fee of one-eighth of one per centum on its issued par value capital stock employed within this state and *six cents on each share of its capital stock without par value employed within this state* for the privilege of exercising its corporate franchises or carrying on its business in such corporate or organized capacity in this state" and, further: "In any case where a change is made *in the capital share structure* of a corporation, or the amount of capital stock employed in this state is increased, the fee shall be recomputed on the basis of such change or increase, and there shall be credited against the fee, as recomputed, the amount of any fee that may have been previously paid." (Emphasis supplied.)

The tax questioned was imposed when 432,825 shares without nominal or par value, but having a stated value of $10 per share, were changed into 1,298,475 shares, without nominal or par value, having a stated value of $3.33⅓ per share. From the language of section 181 it is clear that " a change * * * in the capital share structure" includes the increase in the number of shares which resulted from the stock split-up in this case. This conclusion is fortified by a reading of comparable provisions of section 180 which, in the case of a corporation organized in New York, clearly measures the organization tax by the number of shares without par value and, upon any subsequent increase, by the resulting increase in the number of shares without par value, in each case without reference to the amount of dollar capital such shares may represent, either before or after an increase in number. Thus we must reject petitioner's contention that only a dollar increase is taxable. A change by way of increase in dollar capital, i.e., the "amount of capital stock employed in this state", is taxable under the alternative provision appearing in our quotation from the statute.

From a reference in *People ex rel. Griffith, Inc.,* v. *Loughman* (249 N. Y. 369, 380) to the employment of "additional capital" in New York, petitioner would have us infer that only a monetary increase is subject to the recomputed tax, but the court was then discussing a provision of the then section 181 (as amd. by L. 1921, ch. 705) as to the employment of "more than eight thousand dollars * * * on which a license fee has not been paid " and no provision for recomputation of the tax specifically upon an increase in the number of shares without par value was then in effect, the first such provision being added in 1937 (L. 1937, ch. 496).

Unfounded, also, is petitioner's claim of unconstitutionality, in reliance upon *Air-Way Corp.* v. *Day* (266 U. S. 71) which, as noted in the *Griffith* case (*supra*) left open the question as to a tax based, not on the number of authorized shares (as condemned in the *Air-Way* case) but on the number of issued shares, or the proportion thereof used in the taxing State. Subsequently the statute was held constitutional (*New York* v. *Latrobe,* 279 U. S. 421), this, however, prior to the enactment of the provision for recomputation of the tax "where a change is made in the capital share structure" (L. 1937, ch. 496) and to the subsequent enactment (L. 1941, ch. 75) which added the words "or the amount of capital stock employed in this state is increased ". The basis of the tax imposed when the corporation first enters the State being thus approved, we perceive no ground for constitutional inhibition of the recomputed tax applied according to the same measure.

Petitioner's final contention is that the provision is discriminatory as between domestic and foreign corporations since petitioner had been authorized to do business in New York for more than five years but is not permitted the credit allowed by section 180 to New York corporations incorporated more than five years prior to changing no par value shares. The petition alleges that equal protection under the Fourteenth Amendment of the Federal Constitution is thereby denied but petitioner's brief does not seem to pursue the constitutional argument as such but asserts that the statute should be construed so as not to effect an unfair result. In any event, the provision of section 180 advanced as the basis of the inequality claimed was not in effect in 1947 when the tax liability in this case accrued, but was enacted by chapter 799 of the Laws of 1948.

The determination should be confirmed, with $50 costs.

FOSTER, P. J., BERGAN and COON, JJ., concur.

Determination confirmed, with $50 costs.