In the Matter of BORAK & BORAK, Petitioner, *v.* STATE TAX COMMISSION, Respondent.

Third Department, October 31, 1974.

*Bisco, Winkler & Higgiston* (*Frederick E. Winkler* and *Peter M. Messer* of counsel), for petitioner.

*Louis J. Lefkowitz, Attorney-General* (*Vincent P. Molineaux* and *Ruth Kessler Toch* of counsel), for respondent.

HERLIHY, P. J. During 1960 and 1961, the petitioner was a partnership composed of two partners, both of whom were certified shorthand reporters. The petitioner is in the business of providing reporting services to attorneys in regard to legal proceedings. During 1960 and 1961, the petitioner generally employed between two and four reporters each business day to assist the partners in covering assignments. The petitioner also employed an office manager, bookkeeper, office boys, typists and messenger boys.

For the years 1960 and 1961 the petitioner filed New York State partnership returns, but did not compute or pay any unincorporated business tax. In 1965 the respondent issued notices of deficiencies and demanded payment of an unincorporated business tax. A hearing was held before the respondent and this review is from its decision which determined that the unincorporated business tax was applicable to the partnership in 1960 and 1961.

It is not disputed that in general the practice of the profession of certified shorthand reporter would be exempt from the unincorporated business tax as a profession pursuant to subdivision (c) of section 703 of the Tax Law. However, said subdivision (c) requires that "more than eighty per centum of the unincorporated business gross income for the taxable year is derived from personal services actually rendered by the individual or the members of the partnership". The 80% requirement as

to gross income and in regard to personal services has been interpreted by a regulation of the respondent which, as applicable, provides as follows: " In cases where an individual employs assistants to perform part of the professional work, fees or charges relating to the services of the assistants will be attributed to the individual provided he (*a*) gives his personal attention to the work of the business, (*b*) consults with clients or patients, (*c*) devises the work program, outlines work methods and guides and directs the work procedure of the employees in the activity, and (*d*) supervises the formulation of advice, conclusions and reports to clients or patients as the person responsible for the services performed by the business or establishment; or provided that some combination of the foregoing and/or other activities show that the services of the employees are merely incidental to the practice of the profession by the individual. Where the profession is carried on by a partnership, income or fees relating to work performed by employees will be attributable to members of the partnership only if, in addition to the conditions enumerated above with respect to individuals, it is shown that the clients or patients are advised by some active member of the partnership and look to some active member as being responsible for the services performed." (20 NYCRR 203.11 [b] [3].)

The petitioner contends that, inasmuch as the occupation of certified shorthand reporting is a recognized profession for purposes of exemption from the unincorporated business tax, the conduct of such a profession by and through employees is essentially the same as the conduct of the professions of public accountancy or engineering and, therefore, the over-all supervision of the business by the individual partners and the contacts with the clients and sole responsibility for the work product, should require that the income derived through employees (nonpartner reporters) be attributed to the partners.

While the record tends to clearly establish that the client relationship and the solicitation of business and arrangements for the reporting is almost exclusively handled by the partners, nevertheless, it is apparent that, unlike the end product involved in engineering and public accountancy, finished transcripts are not certified as to accuracy by the partners but are solely certified in such respects by the reporter who took such testimony. The finished product in regard to the transcripts, while perhaps imputing a derivative responsibility to the petitioner, is primarily the responsibility solely of the reporter-employee who certifies the accuracy of the transcript.

The regulations specify that, in regard to services by employees which are rendered without any substantial control by the members of the partnership, the same would not be considered attributable to the partners. Upon this record, the work product of the reporters-employees is solely their individual effort, albeit, the petitioner performs functions in the area of editing and publication. It is to be noted that the petitioner did not establish any facts which would support a finding that the work effort of the employees did not constitute more than 20% of the gross income of the petitioner. Since the record contains substantial evidence that the income attributable to the employees-reporters was without any substantial control over the work product by the individual members of the partnership, there is a rational basis for the decision of the respondent denying the petitioner an exemption from the unincorporated business tax as a profession. (Cf. *Matter of Hewitt* v. *Bates,* 272 App. Div. 1, mod. 297 N. Y. 239.)

The determination should be confirmed, and the petition dismissed, without costs.

STALEY, JR., SWEENEY, KANE and REYNOLDS, JJ., concur.

Determination confirmed, and petition dismissed, without costs.