Chief Judge Breitel.
 

 In an article 78 (CPLR) proceeding, the State Tax Commission appeals from a judgment, denominated an order, of the Appellate Division modifying its determination. The commission had determined that, under article 16 of the Tax Law governing personal income tax, taxpayer was not entitled in reporting his 1955 State taxable income to deduct full amortization of bond premiums paid by him in excess of the face value of corporate bonds purchased by him. The Appellate Division modified, holding that taxpayer was entitled to such a deduction.
 

 The issue is whether, absent authorization by statute or regulation, a taxpayer may claim a deduction from taxable income.
 

 There should be a reversal. Absent authorization by statute or regulation, a taxpayer is not entitled to deductions against taxable income. Section 360 of the Tax Law and applicable regulations, in effect in 1955, did not authorize a deduction for the amortization of bond premiums for individual taxpayers.
 

 Taxpayer purchased for investment purposes Appalachian Electric Power Company
 
 3Vs%
 
 Series 1977 bonds, aggregating $1,050,000, by paying a premium of $105,000 over the face value. Taxpayer amortized the full premium and claimed a
 
 *195
 
 deduction in his 1955 State tax return. On December 11, 1958, the State Department of Taxation and Finance notified taxpayer that an additional tax of $7,697.96 was due on his 1955 State income tax, predicated on a net increase on audit in his taxable income of $109,970.88. Taxpayer disputed two of the items which the Department of Taxation and Finance had disallowed, the deduction for the amortization of the bond premiums, and another no longer challenged by taxpayer.
 

 A premium may be paid for a bond because of a relatively high nominal interest rate. Bond premium consists of the excess of the price of bonds over their face value, and generally reflects the difference between the nominal interest rate borne by such bonds and the actual or effective rate of return determined by the current market. When a premium has been paid for a bond, the nominal interest perforce exceeds the actual or effective rate of return (see, generally,
 
 Hanover Bank v Commissioner,
 
 369 US 672, 677). Hence, the nominal interest paid includes economically a partial return of capital investment. Under State tax procedure in 1955, premium was treated as part of the purchase price of the bond and would be so treated in calculating gain or loss when the bonds were later sold or redeemed. There was no provision in the Tax Law or the regulations of the Tax Department at that time authorizing full or annual amortization of bond premiums and deduction as an offset against taxable income.
 

 True, the Internal Revenue Code and Federal Regulations since 1942 have authorized as deductible the amortization of bond premiums (see Internal Revenue Code of 1954, § 171; 56 US Stat 822-823; Treas Reg, 26 CFR 1.171-1). However, conformity of New York State income tax with Federal income tax law was not in effect until 1960, and thus did not apply to the year 1955 (see NY Const, art III, § 22; L 1960, ch 563, § 1). Hence, taxpayer’s claim for a deduction must rest upon applicable State tax law in effect for the year when the deduction was claimed.
 

 The burden of proof to overcome tax assessments rests upon the taxpayer (see
 
 Matter of Young v Bragalini,
 
 3 NY2d 602, 605 [opn per Burke, J.];
 
 Matter of Hillman v State Tax Comm.,
 
 30 AD2d 362, 364;
 
 Matter of Calder v Graves,
 
 261 App Div 90, 94-95, affd 286 NY 643). If there are any facts or reasonable inferences from the facts to sustain it, the court must confirm the Tax Commission’s determination. Thus, a determination of the Tax Commission will not be disturbed by
 
 *196
 
 the courts unless shown to be erroneous, arbitrary or capricious (see, also,
 
 People ex rel. Maloney v Graves,
 
 289 NY. 178, 180;
 
 People ex rel. Hull v Graves,
 
 289 NY 173, 177;
 
 People ex rel. Freeborn & Co. v Graves,
 
 257 App Div 587, 590).
 

 It is often said, but sometimes misapplied in oversimplification, that "A statute which levies a tax is to be construed most strongly against the government and in favor of the citizen. The government takes nothing except what is given by the clear import of the words used, and a well-founded doubt as to the meaning of the act defeats the tax”
 
 (People ex rel. Mutual Trust Co. v Miller 171
 
 NY 51, 57;
 
 Matter of Voorhees v Bates,
 
 308 NY 184, 188; see
 
 Matter of American Cyanamid & Chem. Corp. v Joseph,
 
 308 NY 259, 263;
 
 American Locker Co. v City of New York,
 
 308 NY 264, 269; cf.
 
 Gould v Gould,
 
 245 US 151, 153). The principle is, however, applicable only in determining whether property, income, a transaction or event is subject to taxation. Thus, in each of the cases cited above, the issue was whether taxpayer’s affairs were subject to the taxing statute at all (see
 
 People ex rel. Mutual Trust Co. v Miller, 177
 
 NY 51, 53,
 
 supra
 
 [corporate franchise tax];
 
 Matter of Voorhees v Bates,
 
 308 NY 184, 187-188,
 
 supra
 
 [unincorporated business tax];
 
 Matter of American Cyanamid & Chem. Corp. v Joseph, 308 NY 259, 262, supra
 
 [sales tax];
 
 American Locker Co. v City of New York,
 
 308 NY 264, 267,
 
 supra
 
 [sales tax];
 
 Gould v Gould,
 
 245 US 151, 153,
 
 supra
 
 [individual income tax]).
 

 When, however, it is undisputed that the taxpayer’s income is subject to the taxing statute, but he claims an exemption from taxation, a different rule applies. An exemption from taxation "must clearly appear, and the party claiming it must be able to point to some provision of law plainly giving the exemption”
 
 (People ex rel. Savings Bank of New London v Coleman,
 
 135 NY 231, 234; see
 
 Matter of Young v Bragalini,
 
 3 NY2d 602, 605-606,
 
 supra).
 
 Indeed, if a statute or regulation authorizing an exemption is found, it will be "construed against the taxpayer”, although the interpretation should not be so narrow and literal as to defeat its settled purpose (see
 
 Engle v Talarico,
 
 33 NY2d 237, 240;
 
 People ex rel. Watchtower Bible & Tract Soc. v Haring,
 
 8 NY2d 350, 358;
 
 People ex rel. Mizpah Lodge v Burke,
 
 228 NY 245, 247-248). This is because an exemption is not a matter of right, but is allowed only as a matter of legislative grace (cf., e.g.,
 
 Colgate v Harvey,
 
 296 US 404, 435).
 

 
 *197
 
 A deduction is functionally a particularized species of exemption from taxation. Analytically, the distinction is not unlike that between conditions precedent and conditions subsequent. The same rules apply, however, and, indeed, in language the same as that applied to exemptions. "Whether and to what extent deductions shall be allowed depends upon legislative grace; and only as there is clear provision therefor can any particular deduction be allowed. * * * Obviously, therefore, a taxpayer seeking a deduction must be able to point to an applicable statute and show that he comes within its terms”
 
 (New Colonial Co. v Helvering,
 
 292 US 435, 440; cf., also,
 
 Deputy v du Pont,
 
 308 US 488, 493;
 
 Lenkin v District of Columbia,
 
 461 F2d 1215, 1225; see, generally, 85 CJS, Taxation, § 1099, at p 772). The burden is on the taxpayer seeking the deduction to establish his right to it (see
 
 Matter of United States Trust Co. v Gilchrist,
 
 210 App Div 527, 532).
 

 In the instant case, there was no statute or regulation in effect in 1955 authorizing individuals to amortize and deduct bond premiums under the State’s personal income tax. True, a deduction was allowed by franchise tax statute for amortization of bond premiums paid by banks and other financial institutions (see Tax Law, § 219-z, subd 9; § 219-tt, subd 3-a). A deduction for amortization was also allowed by regulation for fiduciaries (see 20 NYCRR Part 252 [applicable for 1955]). Nowhere, however, was there provision for such a deduction by individual taxpayers. Although it is argued that it is inequitable to allow a deduction to financial institutions and fiduciaries, and not to individuals, "allowance of deductions from gross income does not turn on general equitable considerations”
 
 (Deputy v du Pont,
 
 308 US 488, 493,
 
 supra).
 

 Moreover, the distinction between financial institutions and fiduciaries on the one hand and individual taxpayers on the other is not without rational basis. Financial institutions and fiduciaries are obliged by substantive law to segregate capital and income in order to meet their legal obligations and maintain the integrity of capital investment and yet not diminish the return to those entitled to income. The individual taxpayer has no such substantive legal obligation. He is free to adjust his capital and income accounts to preserve and distinguish his reserve assets from the profits and avails of those assets chosen by him to be expendable without let.
 

 Absent a provision authorizing a deduction, taxpayer was not entitled to amortize and deduct the premium paid by him
 
 *198
 
 on the purchases of corporate bonds in reporting his 1955 taxable income. Hence, taxpayer has not sustained his burden of proving his right to such a deduction, and the determination of the Tax Commission cannot be said to be erroneous, arbitrary or capricious.
 

 Accordingly, the judgment of the Appellate Division should be reversed, with costs, the determination of the Tax Commission confirmed, and the petition dismissed.
 

 Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
 

 Judgment reversed, etc.