In the Matter of DOLLY COMPANY, Petitioner, v JAMES H. TULLY, JR., et al., Constituting the State Tax Commission, Respondents.

Third Department, December 7, 1978

---

**APPEARANCES OF COUNSEL**

*Neil H. Millman* for petitioner.

*Louis J. Lefkowitz, Attorney-General (Francis V. Dow* and *Ruth Kessler Toch* of counsel), for respondents.

### OPINION OF THE COURT

SWEENEY, J.

The essential facts are not in dispute. Petitioner is a limited partnership which produced the Broadway show "Hello Dolly". In 1965, David Merrick a general partner of petitioner, sold an approximate 40% interest in the partnership to the R & M Company for $2,250,000 while retaining an approximate 4% interest in the partnership. Thereafter, petitioner elected, pursuant to section 754 of the Internal Revenue Code, to adjust the cost basis of its assets upward by the amount of $2,250,000 and specifically allocated the adjustment to the R & M Company. On petitioner's books a new asset account was created, denominated "capitalized expenses", in the amount of $2,250,000. This account was amortized over the three-year period in question. On its New York State partnership tax returns, petitioner allocated portions of these amortized amounts to New York State and deducted the allocated share thereby reducing its unincorporated business taxable income. On February 28, 1972, respondent issued a notice of deficiency in respect to petitioner's New York State unincorporated business tax for the years in question basing the deficiency on the determination that petitioner was not entitled to deduct the allocated amounts for amortization. Following a hearing, respondent sustained the notice of deficiency and this article 78 proceeding ensued.

Basically, petitioner contends that sections 754 and 743 of the Internal Revenue Code permit the upward adjustment in basis for partnership assets and thus it could deduct the amortization which resulted therefrom. Petitioner also urges that section 702 of the New York State Tax Law requires that the same meaning be given to terms used in computing the State unincorporated business tax as the meaning given those terms when used for comparable Federal tax purposes. It is argued that the amortization deductions were properly taken by petitioner on its Federal income tax return and, therefore, such deductions should be allowed in respect to the State unincorporated business tax. Respondent, on the other hand, contends, *inter alia,* that pursuant to section 743 of the Internal Revenue Code, the adjustment to the basis of partnership property applies only with respect to the transferee

partner and the partnership itself may not adjust its basis and take amortization deductions for purposes of the State unincorporated business tax.

The sole issue for our determination is whether petitioner was entitled to adjust the basis of its assets upward and as a result thereof take amortization deductions on its New York State unincorporated business tax return.

■ At the outset we note that the burden is on the taxpayer to overcome tax assessments *(Matter of Young v Bragalini,* 3 NY2d 602, 605). A determination of the Tax Commission will not be disturbed unless shown to be erroneous, arbitrary or capricious *(Matter of Grace v New York State Tax Comm.,* 37 NY2d 193). A deduction being functionally a particularized species of exemption from taxation, petitioner must be able to point to some applicable provision of law and show that it comes within its terms, the burden being on the taxpayer to show its right to the exemption *(Matter of Grace v New York State Tax Comm., supra,* pp 196, 197).

■ Section 754 of the Internal Revenue Code provides that if a partnership files an election, the basis of partnership property in the case of a transfer of a partnership interest shall be adjusted in the manner provided in section 743. Subdivision (b) of section 743 of the Internal Revenue Code provides that in the case of a transfer of an interest in a partnership by sale or exchange, a partnership with respect to which the election provided in section 754 is in effect shall increase or decrease the adjusted basis of the partnership property according to certain steps set forth therein. It is also provided in subdivision (b) of section 743, however, that such increase or decrease "shall constitute an adjustment to the basis of partnership property *with respect to the transferee partner only"* (emphasis supplied). The Treasury Department regulations applicable to this section read as follows, "The amount of the increase or decrease constitutes an adjustment affecting the basis of partnership property *with respect to the transferee partner only.* Thus, for purposes of depreciation, depletion, gain or loss, and distributions, the transferee partner will have a special basis for those partnership properties which are adjusted under section 743(b) and this paragraph" (26 CFR 1.743-1 [b] [1]; emphasis supplied). Unless a different meaning is clearly required, the terms used in determining the State unincorporated business tax will have the same meaning as when used in a comparable context in the laws of

the United States relating to Federal income taxes (Tax Law, § 702). In our view, the application of the same meaning to the terms used in the statutes in question will not produce a result contrary to that arrived at by respondent. It is important at this juncture, however, to point out that under the Federal system partnerships are not taxed directly as they are in New York State through the unincorporated business tax (Tax Law, §§ 701-723). The partnership in the Federal system merely acts as a conduit of funds to the various partners. It is the opinion of this court that pursuant to subdivision (b) of section 743 of the Internal Revenue Code, the adjustment to the basis of partnership property affects the transferee partner only. This is logical and reasonable since it is this partner who expends the capital and not the partnership. Any other interpretation would allow the partnership a deduction when it has expended no capital of its own. Such a result would be inconsistent with the general purpose of our tax system. We conclude, therefore, that it is the transferee partner and not the partnership which acquires a special basis for the partnership properties adjusted under subdivision (b) of section 743 for the purposes of a deduction (see 26 CFR 1.743-1 [b] [1]). Consequently, from our analysis of the various laws involved, we are of the view that respondents correctly determined that petitioner was not entitled to deduct the allocated amounts for amortization and properly sustained the notice of deficiency. The determination, therefore, should be confirmed.

We have carefully examined petitioner's remaining arguments and find them unpersuasive.

The determination should be confirmed, and the petition dismissed, without costs.

GREENBLOTT, J. P., KANE, STALEY, JR., and HERLIHY, JJ., concur.

Determination confirmed, and petition dismissed, without costs.