In the Matter of GULF OIL CORPORATION, Petitioner, v STATE TAX COMMISSION, Respondent.

Third Department, December 14, 1978

### APPEARANCES OF COUNSEL

*Arthur L. Vangeli (Brent E. Zepke* of counsel), for petitioner.

*Louis J. Lefkowitz, Attorney-General (Francis V. Dow* and *Ruth Kessler Toch* of counsel), for respondent.

### OPINION OF THE COURT

MAIN, J.

On September 18, 1968, the stockholders of petitioner Gulf Oil Corporation, a publicly held, multinational Pennsylvania corporation which has been qualified to do business in New York State since 1936, adopted a resolution amending petitioner's articles of incorporation so as to authorize the

issuance of 300 million shares of capital stock without par value but with a stated value of $4.16⅔ per share. These no par value shares were to replace petitioner's then authorized 150 million shares of par value capital stock, each such share having a par value of $8.33⅓ per share. As a result of this stockholder action, on July 15, 1971 the Corporation Tax Bureau of the State Tax Commission issued a notice of claim against petitioner for an additional license fee under section 181 of the Tax Law in the amount of $329,588.38 plus interest of $46,142.37. Thereafter, in a determination uncontested by petitioner, the bureau issued a second notice of claim wherein it changed petitioner's license fee allocation percentage from 2.9973% to 3.1566% and thereby increased the additional license fee claimed by $20,241.05.

The determination challenged in the instant proceeding resulted from petitioner's application, filed on September 21, 1971, for a redetermination by the Tax Commission of its tax deficiency under section 181 of the Tax Law. Following a formal hearing on the matter, the commission denied the application in all respects and specifically concluded in its decision that petitioner's change from par value to no par value stock was a change in capital structure within the meaning and intent of section 181. It further held that petitioner's license fee was properly recomputed on the basis of the total number of its issued no par value shares allocable to New York.

Seeking an annulment of this determination, petitioner argues that the commission erred in assessing the additional license fee because its change from par value to no par value shares did not constitute a change in its capital structure as required by section 181. We disagree. Initially, we would note that, despite petitioner's arguments to the contrary, it is only reasonable to assume that there is some meaningful difference between par and no par value shares or else petitioner would not have made the change from one type of share to the other. Moreover, upon our consideration of the matter, the material differences between the shares are clearly evident, and they plainly justify the commission's conclusion that a change in petitioner's capital structure was effectuated. Par value shares establish an arbitrary amount as the value of share interest in the corporation whereas, in contrast, there is greater flexibility in distributing no par value shares in exchange for property and services because no valuation needs to be established

for such consideration as long as it is legal consideration for the valid transfer of stock. Additionally, all money received for par value stock except amounts in excess of par value must be made part of petitioner's stated capital and must be maintained. However, petitioner's directors may allocate a portion of the consideration received for no par value stock to capital surplus (Laws of Pennsylvania, tit 15, §§ 1614, 1701, 1702, subd A, par [4]), which may be entirely depleted without affecting future earnings. Therefore, the utilization of no par value stock provides directors with greater authority and flexibility to manipulate available surplus to provide for greater dividends and redemption of issue stock. A far less drastic change by a corporation, i.e., a stock split wherein 432,825 no par value shares with a stated value of $10 per share were changed to 1,298,475 no par value shares with a stated value of $3.33⅓ per share, has previously been held by this court to constitute a change in corporate capital structure within the meaning and intent of section 181 (*Matter of American Chicle Co. v State Tax Comm. of State of N. Y.*, 5 AD2d 318, mot for lv to app den 6 AD2d 948).

With regard to the commission's further ruling that the additional license fee should be computed on the basis of the total number of petitioner's issued no par value shares allocable to New York, this is likewise correct. Contesting this ruling, petitioner erroneously argues that, since it has already paid the license fee on its par value stock which was transformed by the above-cited stockholders' resolution into no par value stock, at least these no par value shares should be exempt from the additional licensing fee, and the fee should be applied only to the additional no par value shares issued and allocable to New York. Exemptions are to be allowed only where they are clearly granted by some provision of law (*Matter of Grace v New York State Tax Comm.*, 37 NY2d 193), and such is not the case here. In this instance, the statute in question explicitly provides that corporations are to be credited solely with "the amount of any fee that may have previously been paid" (Tax Law, § 181), and it is unquestioned that petitioner was in fact given credit for the $51,225.80 in license fees which it had already paid on its par value shares. Moreover, in view of this credit, there is obviously no merit to petitioner's due process argument that it is being taxed twice with regard to its no par value shares which existed as par value shares before the stock split (see *New York v Latrobe*, 279 US 421, reh den 50 S Ct 79).

 In conclusion, we similarly find without merit petitioner's contention that section 181 of the Tax Law violates the equal protection clauses of the United States Constitution and the Constitution of the State of New York. As noted above, there are material differences between par value and no par value stock, and, consequently, the Legislature can justifiably classify them separately for purposes of taxation *(New York v Latrobe, supra; Roberts & Schaefer Co. v Emmerson,* 271 US 50). Additionally, it is not unconstitutional for the State of New York to tax the no par value stock of foreign corporations at a higher rate (see Tax Law, § 181) than similar shares of domestic corporations (see Tax Law, § 180; *Lincoln Life Ins. Co. v Read,* 325 US 673).

The determination should be confirmed, and the petition dismissed, without costs.

SWEENEY, J. P., KANE, STALEY, JR., and MIKOLL, JJ., concur.

Determination confirmed, and petition dismissed, without costs.