■ In the Matter of SOUTHERN DISTRICT COURT REPORTERS, Petitioner, v JAMES H. TULLY, JR., et al., Constituting the State Tax Commission, Respondents.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission, which sustained an unincorporated business tax assessment for the years 1966, 1967, 1968, 1971 and 1972. The petitioner is a partnership composed of official court reporters appointed by the Judges of the United States District Court for the Southern District of New York. The petitioner was established in 1945 at the instance of the afore-mentioned Judges because the Federal system does not have an examination system for the appointment of reporters and it was expected that the mechanics of the partnership would help establish a training system for reporters. The partnership is comprised of all official reporters appointed by the court and membership is automatic. The partnership also employs certified court reporters as trainees who do the vast majority of the work of reporting of depositions, e.g., nontrial testimony and/or statements. The partnership contends that for the years in question it was exempt from the unincorporated business tax upon the ground that it was engaged in the practice of a profession (Tax Law, § 703, subd [c]). However, it was well established that although an occupation is a recognized profession, subdivision (c) of section 703 of the Tax Law required that "more than eighty per centum of the unincorporated business gross income for the taxable year is derived from personal services actually rendered by * * * the members of the partnership." *(Matter of Borak & Borak v State Tax Comm.,* 45 AD2d 558). Tax exemptions are to be strictly construed against the taxpayer *(Matter of Grace v New York State Tax Comm.,* 37 NY2d 193) and the burden was upon the petitioner to establish its exempt income. The record contains evidence that the salary income of the general partners paid by the Federal Government was not paid to the partnership and was never reported by the partnership as its income for tax purposes. Accordingly, the refusal of the respondents to treat the individual salary income as partnership income has a reasonable basis in the record. There is evidence that for the years in question the services of the nonpartnership members contributed more than 20% of the partnership's gross income and the determination of the respondents that the income was subject to the unincorporated business tax is not subject to annulment by this court. In summary, while the facts are in some respects unique as to this petitioner as a business entity, nevertheless, the petitioner has not conclusively established its exemption from the tax and the respondents' determination is not without a rational basis *(Matter of Borak & Borak v State Tax Comm., supra).* Determination confirmed, and petition dismissed, without costs. Sweeney, J. P., Kane, Main, Mikoll and Herlihy, JJ., concur.