■ In the Matter of UNITED ARTISTS THEATRE CIRCUIT, INC., et al., Petitioners, v STATE TAX COMMISSION, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review determinations of the State Tax Commission which sustained the imposition of sales tax upon the sale of tickets to closed circuit telecasts in movie theatres during the tax periods in question and which used their facilities at various times during those periods to project onto their screens closed circuit telecasts of boxing matches which were held out-of-State. On March 11, 1976, the Sales Tax Bureau of the Department of Taxation and Finance issued to each petitioner notices of determination and demands for payment wherein it was alleged that the paid admissions to these telecasts were subject to the sales tax, and petitioners thereafter duly filed applications for revision on the ground that the admissions to the telecasts were exempt from the sales tax, under section 1105 (subd [f], par [1]) of the Tax Law, as charges for admission to motion picture theatres. Following a hearing, the State Tax Commission ruled that the charges were subject to the imposition of the sales tax, and petitioners consequently instituted the present CPLR article 78 proceeding. We hold that the commission's determinations should be sustained. In so ruling, we note that the commission's determinations should be sustained. In so ruling, we note that the commission's construction of the cited statute should be upheld unless it is unreasonable (Matter of Howard v Wyman, 28 NY2d 434). Also, it is noteworthy that an exemption from taxation is a matter of legislative grace and not of right which must clearly appear in a statute, and the burden is upon the taxpayer to establish this right to an exemption (Matter of Grace v New York State Tax Comm., 37 NY2d 193). Most significantly, when an exemption does appear in a statute, it "is to be construed strictly against the taxpayer" (Engle v Talarico, 33 NY2d 237, 240). Applying these principles to the matters at hand, we find that it was certainly reasonable for the commission to conclude that the statutory exemption for admission charges to motion picture theatres applies only to admissions when such places of amusement are functioning as motion picture theatres, i.e., showing movies. This construction furthers the legislative intent of aiding the economically troubled motion picture theatre operators without needlessly extending the exemption and depleting tax revenues by including within the exempt class of amusements other forms of entertainment such as live, closed circuit telecasts of boxing matches. Such being the case the commission's determination should not be disturbed. Our resolution of this question renders unnecessary any consideration of the timeliness of petitioner Century Theatres' challenge to the commission's ruling. Determinations confirmed, and petitions dismissed, without costs. Greenblott, Main and Casey, JJ., concur.

Mahoney, P. J., and Mikoll, J., dissent and vote to annul in the following memorandum by Mahoney, P. J. Mahoney, P. J. (dissenting). This proceeding involves the extent of an exclusion from the sales tax. A State sales tax is imposed on "Any admission charge * * * for the use of any place of amusement in the state, except charges for admission to * * * motion picture theaters" (Tax Law, § 1105, subd [f], par [1]). The State Tax Commission has ruled that ticket sales by petitioners for admission to closed circuit telecasts of boxing matches are subject to the sales tax since they are not for admission to a motion picture and thus not within the statutory exclusion. The majority of this court, relying on Matter of Howard v

*Wyman* (28 NY2d 434), finds that this administrative interpretation of the statute is reasonable and would confirm the determination below. We disagree. The plain language of section 1105 (subd [f], par [1]) of the Tax Law states that admissions to motion picture theatres are excluded from the sales tax. Nothing in the statute suggests that the exclusion was intended to be qualified with respect to the type of entertainment provided therein. In fact, as acknowledged by the majority, a review of the legislative history surrounding passage of this provision (L 1965, ch 571, § 1) indicates that it was the Legislature's intention to protect theatre owners whose businesses were suffering from the competition of free television. Given this legislative intent and the plain wording of the statute, we cannot agree with the majority's conclusion that the statutory exclusion for admission charges to motion picture theatres applies only to admissions when such places of amusement are showing movies.* Nor do we feel that this is an appropriate case for application of the "reasonable construction" standard enunciated in *Matter of Howard v Wyman (supra)*. In the recent case of *Kurcsics v Merchants Mut. Ins. Co.* (49 NY2d 451, 459), the Court of Appeals cautioned against blind application of the *Howard* rule: "Where, however, the question is one of pure statutory reading and analysis, dependent only on accurate apprehension of legislative intent, there is little basis to rely on any special competence or expertise of the administrative agency and its interpretive regulations are therefore accorded much less weight. And, of course, if the regulation runs counter to the clear wording of a statutory provision, it should not be accorded any weight. (See *Matter of Adams [Government Employees Ins. Co.]*, 52 A D 2d 118, 121.)" This statement seems particularly appropriate where, as here, the interpretation of section 1105 of the Tax Law does not involve any special knowledge or expertise possessed by the State Tax Commission, but, instead, requires only the discovery of legislative intent. We would not, therefore, defer to the administrative construction of the statute in this case. Having decided that section 1105 of the Tax Law is not a bar to success in this CPLR article 78 proceeding, we now turn to the issue of the timeliness of petitioner Century Theatres' challenge to respondent's ruling. Century Theatres attempts to use a theory of equitable estoppel to excuse its failure to timely commence this CPLR article 78 proceeding. However, the record is incomplete with regard to the question of whether Century Theatres justifiably relied on any representations made by the State Tax Commission. Accordingly, there should be a remittal to a referee for further development of the record concerning the timeliness of Century Theatres' petition, and the determinations with respect to the remaining petitioners should be annulled.

---

* Section 1105 of the Tax Law deals with a statutory exclusion rather than an exemption *(Matter of Burger King v State Tax Comm.,* 70 AD2d 447). Thus, the question of whether the particular transaction involved in this case is subject to taxation should be strictly construed in the taxpayer's favor *(Matter of Grace v New York State Tax Comm.,* 37 NY2d 193; *Matter of Burger King v State Tax Comm., supra; Matter of Finch, Pruyn & Co. v Tully,* 69 AD2d 192).