■ In the Matter of EMIL PANICHI et al., Petitioners, v STATE TAX COMMISSION, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission which denied an application for a redetermination of a deficiency assessment against petitioner Emil Panichi regarding unincorporated business taxes and personal income taxes for the years 1972, 1973 and 1974. Petitioners, Emil and Emily Panichi, are sole stockholders of Watch Hill Holding Corp. (Watch Hill). Emil Panichi also operates a sole proprietorship under the name Royal Carting Co. (Royal). For the storage of trucks and the use of office space Royal paid rental to Watch Hill in the amount of $30,000 annually for the years 1972 and 1973 and $34,000 for the year 1974. Royal also paid Watch Hill a management fee

---

* The third- and fourth-party defendants joined in defendant's motion to dismiss.

of $13,000 in 1972, $18,600 in 1973 and $20,800 in 1974. On their personal income tax returns, petitioners allocated $10,000 from the income of Royal to Emily Panichi for the year 1973 and $15,000 was so allocated in 1974. Following an audit, the New York State Income Tax Bureau, among other things, reduced the rental deduction by Royal on its unincorporated business tax returns and by petitioners on the personal income tax returns by $15,000 per year on the basis that the rent paid was excessive; disallowed the deduction for the management fee paid by Royal to Watch Hill as not being a proper deduction for unincorporated business tax purposes; and disallowed the allocation of income from Royal to Emily Panichi on the personal income tax returns. Consequently, a deficiency assessment against Emil Panichi was issued. Petitioners applied for a redetermination of the deficiency assessment, and after a hearing, the application was denied by respondent. The present proceeding was then commenced seeking to annul respondent's determination. Initially, it should be noted that the burden is on the taxpayer to overcome tax assessments and to show its right to the deduction (*Matter of Dolly Co. v Tully,* 65 AD2d 99, mot for lv to app den 46 NY2d 710). Concerning the reduction in the rental deduction, petitioners submitted letters at the hearing from two real estate appraisers wherein the rent per square foot was estimated. There was no evidence adduced, however, as to amount of square feet on the premises in question that was rented to Royal nor any distinction made between rental for garage space and rental for office space. Petitioners thus failed in their burden of proving their entitlement to a greater deduction for rental expenses than that allowed by the tax bureau. Since respondent's determination on this issue was not erroneous, arbitrary or capricious, it will not be disturbed (*Matter of Liberman v Gallman,* 41 NY2d 774). Petitioners argue that respondent erred in disallowing the deduction for the management fee paid by Royal to Watch Hill. Due to the failure of either petitioner to testify at the hearing, respondent found no evidence relating to what services were paid for in the management fee. An unincorporated business is not allowed a deduction for amounts paid to a proprietor for services (Tax Law, § 706, subd [3]). Upon consideration of the entire record, we are of the opinion that respondent could reasonably conclude that Emil Panichi was merely attempting to take an improper deduction for the payment for his services to Royal and that petitioners failed in their burden of proving entitlement to the deduction. Consequently, respondent's resolution of this issue should be sustained. It is also maintained by petitioners that respondent improperly disallowed the allocation of income from Royal to Emily Panichi. Pursuant to subdivision (f) of section 612 of the Tax Law, petitioners were required to determine their New York adjusted gross incomes separately as if their Federal adjusted gross incomes on their joint return had been determined separately. Respondent concluded that the allocations of income to Emily Panichi were precluded by this statute. On their joint Federal returns for 1973 and 1974, petitioners indicated net profits from Royal as $47,097 and $51,780.74 respectively. Thus, if their Federal adjusted gross income on their Federal returns had been determined separately, this income would have been allocated to Emil Panichi. Accordingly, the allocation of part of that income to Emily Panichi on their New York State personal income tax returns, which were filed separately, was improper. Respondent's determination is not arbitrary and capricious and should, therefore, be confirmed. Determination confirmed, and petition dismissed, without costs. Mahoney, P.J., Sweeney, Kane, Casey and Weiss, JJ., concur.