■ In the Matter of NEIL A. McCONNELL et al., Petitioners, v STATE TAX COMMISSION, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission which denied in part petitioners' applications for (1) a refund of income taxes and interest, and (2) redetermination of a deficiency of income taxes and interest. Petitioners, as husband and wife, filed joint New York State income tax returns for the years 1971 and 1973. In 1971 they borrowed money for which they signed a promissory note, and in that year they paid interest on the note in the amount of $477,291.71. The borrowed money was used to purchase a $10,000,000 8% convertible corporate note, which produced interest income to petitioners in the amount of $600,000 in 1971. Additionally in that year, petitioners made interest payments of $32,678.35 on other indebtedness used to acquire securities and real property held by them as investments, and of $115,697.23 on loans incurred to purchase jet aircraft held principally for the production of rental or charter income. During 1973, petitioners received $732,055 in interest income on the convertible corporate note and paid $725,090.14 in interest expense on the note. Petitioners also made interest payments of $407,816.38 on the indebtedness they incurred to acquire the securities and real property, and of $9,330.92 on the loans used to purchase the jet aircraft. The respondent commission modified the notice of deficiency issued by the tax bureau on February 25, 1974 in the amount of $9,237.95 with interest of $1,300.89 (which petitioners paid on Oct. 1, 1974), and also modified the bureau's statement of audit changes for 1973 which assessed a deficiency for that year of $53,934.03. The modifications consisted in removing the interest amounts relating to the production of rental or charter income ($115,697.23 for 1971 and $9,330.92 for 1973) from allocable expenses and

permitting petitioners the full benefit of these two interest payments as itemized deductions. Contrary to petitioners' contention as to the other interest payments, however, respondent confirmed the bureau's determination that all such interest payments should be considered allocable expenses as defined by subdivision (b) of section 623 of the State Tax Law and not itemized deductions as claimed by petitioners. If those interest payments are allocable expenses, the result is only a partial or fractional deduction of such expenses and petitioners are deprived of the full tax benefit thereof. Subdivision (a) of section 615 of the Tax Law provides that New York itemized deductions for an individual taxpayer shall be the total amount of his deductions from Federal adjusted gross income with specified modifications. One such modification, during the period at issue, involved a subtraction from the taxpayers' itemized deductions for allocable expenses (see Tax Law, § 615, subd [c], par [4], repealed by L 1978, ch 70, § 14). Allocable expenses were defined in section 623 (subd [b], par [1]) of the New York Tax Law to include: "interest deductible solely by reason of section one hundred sixty-three of the internal revenue code of nineteen hundred fifty-four as modified by the applicable additions provided for in subsection (4) of section six hundred fifteen [repealed by L 1978, ch 70, § 14]." Petitioners' chief argument is that interest paid or incurred in the production of income is not an allocable expense because it is not deductible solely by reason of section 163 of the Internal Revenue Code (US Code, tit 26). Petitioners contend that such interest expenses are deductible under section 212 of the Internal Revenue Code as well as under section 163 of the code. Subdivision (a) of section 163 of the Internal Revenue Code of 1954 provides that "There shall be allowed as a deduction all interest paid or accrued within the taxable year on indebtedness". Pursuant to this statute, the commission properly concluded that, except for the interest paid by petitioners to purchase jet aircraft, all other interest expenses herein were deductible solely by reason of subdivision (a) of section 163. Section 212, relied on by petitioners as an alternative section justifying the deduction of their interest expenses, "provides for a class of deductions coextensive with 'business' deductions except for the requirement that the income producing activity be a trade or business". Therefore, the commission's holding that section 212 deductions relate only to business or rental income was proper, and its determination that petitioners' nonbusiness interest expenses were, under applicable law, deductible solely by reason of section 163 of the Internal Revenue Code and thus to be considered allocable expenses (see *Matter of Grace v New York State Tax Comm.*, 37 NY2d 193, 195-196) cannot be considered erroneous, arbitrary or capricious. The determination should be confirmed. Determination confirmed and petition dismissed without costs. Main, J. P., Casey, Yesawich, Jr., Weiss and Levine, JJ., concur.