OPINION OF THE COURT
Edward S. Conway, J.
This is a CPLR article 78 proceeding in which petitioner seeks to review and reverse a determination of the respondent State Tax Commission, dated July 22, 1983, which sustained deficiencies of corporation franchise taxes under article 9-A of the Tax Law for the years 1976, 1977, 1978 and 1979, totaling $21,755.
During the years under review herein, petitioner, a distributor of proprietary consumer products, was a wholly owned subsidiary of Revlon, Inc. (hereinafter referred to as Revlon) which also owns 100% of the stock and is the parent corporation of USV Pharmaceutical Corporation (hereinafter referred to as USV). Petitioner made interest payments during the years under review herein to both the parent corporation, Revlon, and its sister corporation, USV. In reporting its New York taxable income (entire net income), the petitioner added to its Federal taxable income, 100% of the interest that it paid to Revlon pursuant *17 to section 208 (subd 9, par [a], cl [1]) of the Tax Law. The petitioner did not however add any of the interest payments which it paid to USV to its Federal taxable income.
After a field audit, the audit division of the New York State Department of Taxation and Finance determined that pursuant to section 208 (subd 9, par [b], cl [5]) of the Tax Law, petitioner, in arriving at its entire net income, was required to add to its Federal taxable income 90% of the interest paid to USV and adjusted its tax liability accordingly by issuing notices of deficiency for the years under review. The petitioner applied for a redetermination to the State Tax Commission and on July 22,1983, the Tax Commission denied the petitioner’s application for redetermination and sustained the notices of deficiency contending that section 208 (subd 9, par [b], cl [5]) of the Tax Law supports the position of the State Tax Commission.
This court must agree with the contention of the respondent State Tax Commission. The provisions of subdivision 9 of section 208 provide in pertinent part as follows:
“9. The term 'entire net income’ means total net income from all sources, which shall be presumably the same as the entire taxable income which the taxpayer is required to report to the United States treasury department, or which the taxpayer would have been required to report, if it had not made an election under subchapter s of chapter one of the internal revenue code, except as hereinafter provided, and subject to any modification required by paragraphs (d) and (e) of subdivision three of section two hundred ten of this article.
“(a) Entire net income shall not include:
“(1) income, gains and losses from subsidiary capital which do not include the amount of a recovery in respect of any war loss * * *
“(b) Entire net income shall be determined without the exclusion, deduction or credit of * * *
“(5) ninety per centum of interest on indebtedness directly or indirectly owed to any stockholder or shareholder (including subsidiaries of a corporate stockholder or shareholder), or members of the immediate family of an individual stockholder or shareholder, owning in the aggregate in *18 excess of five per centum of the issued capital stock of the taxpayer, except that such interest may, in any event, be deducted”.
Those provisions clearly mandate that, in determining entire net income for New York tax purposes, no exclusion, deduction or credit from Federal taxable income can be taken for 90% “of interest on indebtedness directly or indirectly owed to any stockholder or shareholder (including subsidiaries of a corporate stockholder or shareholder) * * * owning in the aggregate in excess of five per centum of the issued capital stock of the taxpayer”. (Tax Law, § 208, subd 9, par [b], cl [5].) Revlon herein owns 100% of the capital stock of petitioner Nor cliff Thayer, Inc. and USV. The purpose of the taxing statute herein which amended various provisions of article 9-A is to prevent avoidance of the tax by the device of distributing profits in the guise of interest to subsidiaries of a corporate taxpayer.
The petitioner taxpayer seeking the deduction must be able to point to an applicable statute and show that it comes within its terms and only where there is a clear statutory provision can any particular deduction be allowed (see Matter of Grace v New York State Tax Comm., 37 NY2d 193, 197).
The provisions of section 208 (subd 9, par [b], cl [5]) of the Tax Law require the inclusion in the petitioner’s entire net income of 90% of the interest paid to USV and the respondent’s interpretation of the statutory provision is not arbitrary or unreasonable.
The petition is denied.