■ In the Matter of CHARLES S. KLESITZ, Petitioner, v NEW YORK STATE TAX COMMISSION, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County), to

review a determination of the State Tax Commission which sustained a personal income tax assessment imposed pursuant to article 22 of the Tax Law.

During 1978, petitioner spent approximately 30 hours per week reviewing investment publications, making records of his ownership of stocks and performing other tasks related to his investments. In 1978, there was evidence of only one short-term holding sold and three long-term transactions. Petitioner conducted his business at home and traded only on his own account. On his 1978 New York State income tax return, petitioner listed his occupation as "securities trader" and took business expense deductions for his research expenses and the interest on money borrowed to finance his activities.

On January 5, 1981, the Audit Division of the New York State Department of Taxation and Finance informed petitioner that certain expenses which he had listed on schedule C (Profit or Loss from Business or Profession) of his tax return for 1978 were improperly taken as business deductions because petitioner did not qualify as a trader in securities. A recomputation of petitioner's 1978 personal income tax liability left a deficiency of $471.29. Petitioner sought a redetermination based upon his belief that he was a securities trader in 1978. After a hearing, respondent issued a decision which concluded that petitioner's activities were not sufficient to establish his status as a securities trader. Petitioner's CPLR article 78 proceeding challenging such determination has been transferred to this court for resolution.

The sole issue raised by petitioner is whether he was engaged in the trade or profession of a securities trader in 1978 so as to allow him to deduct his related expenses from his gross income (Tax Law, § 612). In *Moller v United States* (721 F2d 810, revg 553 F Supp 1071, cert den __ US __, 104 S Ct 3534), the standards were set out for determining if an individual who manages his own portfolio is a securities trader: "In determining whether a taxpayer who manages his own investments is a trader, and thus engaged in a trade or business, relevant considerations are the taxpayer's investment intent, the nature of the income to be derived from the activity, and *the frequency, extent, and regularity of the taxpayer's securities transactions*" (emphasis added) (*id.,* at p 813). Under the standards set forth in *Moller,* the determination of respondent in this case is wholly rational and reasonable. The isolated and noncontinuous nature of the transactions provides a basis for finding that although petitioner's goal was to produce profit, he was not engaged in the business of being a securities trader. The activities of petitioner

lacked that degree of frequency, regularity and continuity of securities transactions necessary to identify him as a trader.

Since respondent's determination is neither erroneous, arbitrary nor capricious, it must be confirmed (*Matter of Grace v New York State Tax Comm.,* 37 NY2d 193, 195-196).

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.