■ In the Matter of INTERNATIONAL BAR ASSOCIATION, Petitioner, v TAX APPEALS TRIBUNAL OF THE STATE OF NEW YORK et al., Respondents. [620 NYS2d 582] —Crew III, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which denied petitioner's application for an exemption from sales and use taxes under Tax Law articles 28 and 29.

Following its formation in 1947, petitioner applied for and received a Federal income tax exemption under the Internal Revenue Code (26 USC former § 101 [7]). This exemption was later continued under 26 USC § 501 (c) (6) (exemption for business leagues) when the Code was revised. Thereafter, in October 1990, petitioner applied for an exemption from State sales and use taxes under Tax Law § 1116 (a) (4), which covers, *inter alia,* any organization organized and operated exclusively for educational purposes. Petitioner's application was denied by the Department of Taxation and Finance and petitioner sought a redetermination. At the conclusion of the administrative hearing that followed, the Administrative Law Judge (hereinafter ALJ) concluded, *inter alia,* that although some of petitioner's activities indeed were educational in nature, petitioner also engaged in activities aimed at promoting the professional advancement of its various members and, hence, did not satisfy the requirements for obtaining an exemption under Tax Law § 1116 (a) (4). Respondent Tax Appeals Tribunal subsequently upheld the ALJ's determination, and this CPLR article 78 proceeding by petitioner ensued.

We begin by restating the well-settled proposition that statutes and regulations authorizing exemptions from taxation are to be strictly and narrowly construed *(see, Matter of Grace v New York State Tax Commn.,* 37 NY2d 193, 196; *Matter of Henry v Wetzler,* 183 AD2d 57, 59, *lv denied* 81 NY2d 993). Here, petitioner seeks an exemption pursuant to Tax Law § 1116 (a) (4) which, as noted previously, exempts from sales and compensating use taxes certain organizations, including those organized and operated exclusively for educational purposes. To demonstrate its entitlement to the requested exemption, petitioner had to satisfy both the organizational and the operational tests set forth in the regulations accompanying Tax Law § 1116 (a) (4).

The organizational test is confined to a review of the entity's organizing documents, i.e., its constitution, bylaws or similar documents (see, 20 NYCRR 529.7 [c] [1]). To that end, an organization will be deemed to be organized for an exempt purpose only if its organizing documents "limit the purposes of such organization to one or more exempt purposes [and] do not expressly empower the organization to participate, other than as an insubstantial part of its activities, in activities which in themselves are not in furtherance of one or more exempt purposes" (20 NYCRR 529.7 [c] [1] [i] [a], [b]). Further, under no circumstances will an organization be deemed to be organized exclusively for an exempt purpose "if, by the terms of its organizing documents, the purposes for which such organization is created are broader than the purposes specified in [Tax Law § 1116 (a) (4)]" (20 NYCRR 529.7 [c] [1] [ii]).

Although a review of petitioner's organizing documents reveals that many of its purposes and objectives indeed are educational in nature, it is equally apparent that certain of its purposes go beyond the confines of the exempt purposes set forth in Tax Law § 1116 (a) (4). For example, section 1.3 of petitioner's constitution (as amended in June 1991) establishes, as one of petitioner's objectives, "[assisting] members of the legal profession throughout the world, whether in the field of legal education or otherwise, [in developing and improving] their legal services to the public". Such a provision plainly permits the professional advancement of petitioner's members and, as such, we cannot say that the ALJ and the Tribunal erred in finding that petitioner had not met its burden of demonstrating that it was organized exclusively for an educational purpose.

We reach a similar conclusion with respect to the operational test, which relates solely to an organization's activities (see, 20 NYCRR 529.7 [d] [1]). The operational test is set forth in 20 NYCRR 529.7 (d) (2), which provides as follows: "An organization will be regarded as 'operated exclusively' for one or more exempt purposes only if almost all of its activities accomplish one or more exempt purposes specified in [Tax Law § 1116 (a) (4)] and described in subdivision (e) of this section. An organization will not be so regarded if more than an insubstantial part of its activities is not in furtherance of an exempt purpose."

Initially, we note that bar associations traditionally have not been accorded tax-exempt status at either the State or Federal level due to the fact that such associations frequently

endeavor to promote the professional and business interests of their members *(see, e.g., Matter of Association of Bar v Lewisohn,* 34 NY2d 143, 153-154). As petitioner correctly points out, *Lewisohn* is distinguishable in many respects, but the testimony offered by petitioner's honorary president nevertheless reveals that petitioner engages in a number of activities that cannot be viewed as entirely educational in nature including, *inter alia,* the sponsoring of various social events for its members and its efforts in assisting bar associations in developing countries. Although petitioner contends that its "noneducational" functions are insubstantial, our review of the record leads us to conclude, as the ALJ and the Tribunal found, that petitioner failed to meet its burden of proof in this regard. Petitioner's remaining arguments have been examined and found to be either not properly before this Court or lacking in merit.

Mikoll, J. P., White, Casey and Peters, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.