■ In the Matter of CHARLES G. MOERDLER, Petitioner, v TAX APPEALS TRIBUNAL OF THE STATE OF NEW YORK et al., Respondents. [750 NYS2d 329] —Mercure, J.P. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which sustained a sales and use tax assessment imposed under Tax Law articles 28 and 29.

In January 1997, petitioner leased an automobile for a pe-

riod of 36 months. At the inception of the lease, petitioner paid sales tax on the total sum due under the lease pursuant to Tax Law § 1111 (i) (A). In May 1997, the leased vehicle was stolen and, pursuant to the terms of the lease agreement, the lease was terminated and petitioner's insurance company reimbursed the financing entity for all sums due it under the lease. Petitioner thereafter sought a refund of the sales tax paid. The Division of Taxation denied the claim on the ground that there is no provision of the Tax Law permitting a refund of sales tax paid on a vehicle lease that is prematurely terminated. Ultimately, respondent Tax Appeals Tribunal sustained the disallowance of petitioner's refund claim, and this proceeding ensued.

In our view, the Tribunal's decision denying petitioner's request for a sales tax refund is by no means arbitrary and capricious. We therefore confirm the Tribunal's determination and dismiss the petition. Tax Law § 1105 (a) imposes a tax on the retail sale of tangible personal property. The word "sale" is defined as any transaction, including a lease, in which there is a transfer of title or possession or both of tangible personal property for consideration (see Tax Law § 1101 [b] [4] [i]; [5]). In addition, Tax Law § 1111 (i) (A) provides: "Notwithstanding any contrary provisions of [the Tax Law] or other law, with respect to any lease for a term of one year or more of * * * a motor vehicle * * * all receipts due or consideration given or contracted to be given for such property under and for the entire period of such lease * * * shall be deemed to have been paid or given and shall be subject to tax, and any such tax due shall be collected, as of the date of first payment under such lease * * * or as of the date of registration of such property with the commissioner of motor vehicles, whichever is earlier." Finally, regulations promulgated under Tax Law § 1111 (i) specifically provide that "[n]o refund or credit shall be allowed based upon the fact that receipts are not actually paid as in the case of early termination of a lease * * * since, under section 1111 (i), such receipts are deemed to have been paid" (20 NYCRR 527.15 [e]).

We are unpersuaded by petitioner's reliance on Tax Law § 1132 (e) and regulations promulgated thereunder for his claim of entitlement to a sales tax refund. Unlike Tax Law § 1111 (i) and 20 NYCRR 527.15 (e), Tax Law § 1132 (e) does not deal with leases or the early termination thereof. Rather, it deals with canceled contracts of sale, returned property or uncollectible contracts and, even in those cases, the provision for refund of sales tax is discretionary. Tax Law § 1139 (a) provides

petitioner with even less assistance because the instant sales tax was neither "erroneously, illegally [nor] unconstitutionally collected or paid." Under the circumstances, we conclude that petitioner failed to satisfy his burden of demonstrating that his interpretation of the relevant statutes and regulations is the only reasonable one (*see Matter of Brooklyn Union Gas Co. v Commissioner of Taxation & Fin.*, 255 AD2d 80, 83; *see also Matter of Grace v New York State Tax Commn.*, 37 NY2d 193, 195-196).

Petitioner's remaining contentions have been considered and found to be unavailing.

Peters, Carpinello, Mugglin and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.