Matter of Tower Hill 2014, LLC v Town of Amenia (2022 NY Slip Op 03243)





Matter of Tower Hill 2014, LLC v Town of Amenia


2022 NY Slip Op 03243


Decided on May 18, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 18, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.


2019-11211
 (Index Nos. 51859/16, 51855/17, 52214/18)

[*1]In the Matter of Tower Hill 2014, LLC, respondent,
v
Town of Amenia, etc., et al., appellants.


Cappillino Rothschild & Egan, LLP, Pawling, NY (Shane J. Egan of counsel), for appellants.
Corbally, Gartland & Rappleyea, LLP, Poughkeepsie, NY (Allan B. Rappleyea of counsel), for respondent.



DECISION & ORDER
In three related proceedings pursuant to Real Property Tax Law article 7 to review real property tax assessments for tax years 2016/2017, 2017/2018, and 2018/2019, respectively, the appeal is from a judgment of the Supreme Court, Dutchess County (James V. Brands, J.), dated September 18, 2019. The judgment, upon an order of the same court dated August 16, 2019, granting the petitioner's motion for summary judgment on the petitions, inter alia, granted the petitions and directed that the petitioner be granted certain tax exemptions.
ORDERED that the judgment is reversed, on the law, with costs, the petitions are denied, the proceedings are dismissed, the petitioner's motion for summary judgment on the petitions is denied, and the order dated August 16, 2019, is modified accordingly.
The petitioner, which owns real property in the Town of Amenia, commenced these tax certiorari proceedings pursuant to Real Property Tax Law article 7, asserting that it should have been granted exemptions for portions of its land, pursuant to Real Property Tax Law § 481, on the tax assessment rolls of 2016 and 2017, and for two buildings, pursuant to Real Property Tax Law § 483, on the tax assessment rolls of 2017 and 2018. The Supreme Court agreed, and upon granting a motion by the petitioner for summary judgment on the petitions, issued a judgment dated September 18, 2019, inter alia, granting the petitions and directing that the petitioner be granted the requested exemptions.
"[A] taxpayer bears the burden of proving any exemption from taxation" (Matter of 677 New Loudon Corp. v State of N.Y. Tax Appeals Trib., 19 NY3d 1058, 1060; see Matter of Grace v New York State Tax Commn., 37 NY2d 193, 195). Here, contrary to the Supreme Court's conclusion, the petitioner failed to meet its burden.
Real Property Tax Law § 481 provides an exemption for "land used in agricultural production," which is defined to include "not less than seven acres of land used in the preceding two years to support a commercial horse boarding operation or a commercial equine operation with annual gross receipts of ten thousand dollars or more" (Agriculture and Markets Law § 301[4]). For the tax years in issue, the petitioner failed to submit sufficient evidence to demonstrate, among other [*2]things, that any commercial horse boarding or equine operation on its property produced annual gross receipts of ten thousand dollars or more.
The petitioner similarly failed to demonstrate its entitlement to an exemption on the 2017 assessment roll for the buildings on its property, pursuant to Real Property Tax Law § 483. The petitioner failed to submit sufficient evidence that the buildings were essential to the operation of lands "actually used in bona fide agricultural and horticultural production and operation carried on for profit" (id. § 483[3]; see id. § 483[1]). The petitioner also failed to demonstrate that its buildings were used as "indoor exercise arenas" or "in connection with a commercial horse boarding operation" (id. § 483[2]), which latter term applies to enterprises boarding "at least ten horses" (Agriculture and Markets Law § 301[13]).
Finally, the application for an exemption on the 2018 tax assessment roll for the buildings was untimely (see RPTL 483[4]).
Accordingly, the Supreme Court should have denied the petitioner's motion for summary judgment on the petitions, denied the petitions, and dismissed the proceedings.
IANNACCI, J.P., MILLER, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court