CATHERINE VALOIS, as Administratrix, etc., of AUGUSTUS VALOIS, Deceased, Appellant, v. JENNIE BODINE, Respondent, Consolidated and Tried with Case of CATHERINE VALOIS, as Administratrix, etc., of AUGUSTUS VALOIS, Deceased, Appellant, v. JENNIE BODINE, Respondent.— This is an appeal from the judgment of no cause of action and from the order denying plaintiff's motion, made on the minutes, to set aside the verdict on the ground that the verdict is contrary to the weight of evidence and the law. The decedent, a pedestrian, was injured by the impact of a motor vehicle, owned and driven by the defendant. As the result of the impact he sustained a fractured leg and while an inmate of a hospital brought an action to recover damages, later pneumonia developed, causing his death. The death was the result of the injuries sustained in the accident. His administratrix then brought an action. The actions were consolidated by order of the Special Term into one action, entitled in the name of the administratrix, and proceeded to judgment after trial at Trial Term. The matter was submitted to the jury by a fair charge to which few exceptions were taken. Questions of fact as to negligence and contributory negligence were involved and the jury has found against the plaintiff. There is nothing in the record that would warrant this court in interfering with the verdict of the jury or the refusal of the trial judge to set aside the verdict. Judgment and order unanimously affirmed, with costs. Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. PUBLIC FUEL SERVICE, INC., Relator, v. MARK GRAVES and Others, Constituting THE STATE TAX COMMISSION, Respondents.— This is a certiorari proceeding to review the final determination of the State Tax Commission modifying and affirming as modified assessments of annual franchise taxes against the relator under the provisions of article 9-A of the Tax Law, for the three years beginning November 1, 1930, 1931 and 1934. The question is whether the action of the Tax Commission in disallowing as unreasonable a portion of the sums paid by the relator to its officers as salaries and other compensation was arbitrary and capricious. An examination of the record discloses that the action of the Commission was proper and was not arbitrary and capricious. Determination unanimously confirmed, with fifty dollars costs and disbursements. Present — Hill, P. J., Rhodes, McNamee, Crapser and Heffernan, JJ.