■ In the Matter of AMERICAN CAN COMPANY, Petitioner, v. STATE TAX COMMISSION, Respondent.— Proceeding under CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Third Judicial Department by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission which denied the petitioner's application for revision of a franchise tax assessment for the calendar year 1962. The question presented is whether the petitioner, a New York taxpayer, having merged with its wholly owned subsidiary, can claim as a tax deduction and carry forward net operating losses sustained by the subsidiary when such subsidiary was not conducting business in New York, was not authorized to do business in New York and was not subject to tax in New York. The petitioner, American Can Company, is a New Jersey corporation doing business in this State. It filed a franchise tax return for the year 1962 claiming a net operating loss deduction in the amount of $9,825,054.20 which was disallowed by the Corporation Tax Bureau of New York State Department of Taxation and Finance for the reason that the loss had been incurred by A. W. Glass Corporation, a former New Jersey subsidiary, merged by the petitioner on October 14, 1962, which had never been held subject to the tax imposed by article 9-a of the New York Tax Law. After audit, the petitioner was allowed to deduct as a loss $825,039 incurred by A. W. Glass Corporation for the period of August 25, 1962 to October 14, 1962, the period during which it was determined A. W. Glass Corporation was doing business in New York. Section 208 (subd. 9, par. [f]) of the Tax Law allows deduction of a net operating loss if three conditions are met: 1. the amount may not exceed that claimed for Federal tax purposes under section 172 of the United States Internal Revenue Code of 1954; 2. the deduction may not include any net operating loss prior to January 1, 1961, and 3. no losses may be included which were incurred in any taxable year in which the taxpayer was not subject to the franchise tax. It is the third con-

dition which is in dispute here. It is the claim of the petitioner that since it was subject to New York tax throughout the period, it is entitled to the tax deduction; that the statute refers to the "taxpayer", i.e., the taxpayer whose franchise tax liability is being determined, in this case American Can Company, not A. W. Glass Corporation. The intention of the Legislature in enacting this section is disclosed in the interim report of the New York State Tax Structure Committee submitted to Governor Rockefeller June 22, 1960. The purpose of the section was to allow corporations to carry net operating losses back three years and forward five years to conform with Federal law, thus assisting new corporate businesses and those corporations with fluctuating income. There was no intent to allow taxpayers to acquire net operating losses by way of merger with a subsidiary when the subsidiary was not conducting business in New York prior to merger. When construing a statute, the courts give great weight to the construction given it by the officers who are charged with the duties of enforcement. (*Matter of Lawrence-Cedarhurst Bank,* 247 App. Div. 528, affd. 272 N. Y. 646.) The language as construed should not "be at war with the plainest principles of reason and justice". (*People ex rel. Burhans* v. *City of New York,* 198 N. Y. 439, 448.) If the deduction is not available to a corporation during a taxable year in which it is not subject to tax, logic would indicate that it should not be available as a deduction to the successor of that corporation. The loss is this case was not incurred by American Can Company but by an entirely separate corporation, A. W. Glass Corporation, which was not subject to the franchise tax regulations of New York during the period in question. Determination confirmed, with costs, and petition dismissed. Reynolds, J. P., Greenblott, Cooke, Sweeney and Simons, JJ., concur.