In the Matter of TELMAR COMMUNICATIONS CORP., Petitioner, v MARIO A. PROCACCINO et al., Constituting the STATE TAX COMMISSION, Respondents.

Third Department, June 5, 1975

190

*Leon D. Schneider* for petitioner.

*Louis J. Lefkowitz, Attorney-General (Martin J. Siegel* and *Ruth Kessler Toch* of counsel), for respondent.

KANE, J. Section 210 of the Tax Law provides several methods for computing the corporate franchise tax and requires the taxpayer to select and use that method which produces the highest return for the State. Respondent concluded that petitioner failed to do this in the fiscal year which ended March 31, 1971 and assessed a deficiency against it contending that the appropriate method required petitioner to pay a certain rate based upon its "entire net income plus salaries and other compensation paid to the taxpayer's elected or appointed officers * * * minus fifteen thousand dollars". (Tax Law, § 210, subd 1, par [a], cl [3].) Petitioner raises no factual dispute, but seeks annulment of that determination on the ground that since, under respondent's method, permissible deductions would result in no tax liability the use of the alternative method actually employed is warranted.

Petitioner's argument is premised upon its interpretation of paragraph (f) of subdivision 9 of section 208 of the Tax Law. That provision authorizes a deduction from "entire net in-

come" of those net operating losses which are "allowed" under section 172 of the Internal Revenue Code provided, however, that the deduction does not exceed the amount "allowable" under that code. This enactment is plainly intended to conform operating loss carryback and carryover practices with Federal law in order to assist new businesses and those with fluctuating incomes *(Matter of American Can Co. v State Tax Commission,* 37 AD2d 649, 650). Petitioner applied and was allowed a portion of its concededly available operating loss carryover from prior years to entirely offset its net income for the tax year in question for both State and Federal corporate income tax purposes. It maintains that an additional portion of this available carryover is "allowable" under section 208 of the Tax Law as a deduction from the method used by respondent to calculate its franchise tax liability under the foregoing provisions of section 210 of the Tax Law; to wit, an additional amount sufficient to cover its corporate salaries which exceeded $15,000. We disagree.

Petitioner has not demonstrated that the additional amount sought as a deduction would be "allowable" under the Federal statute and regulations, and paragraph (f) of subdivision 9 of section 208 of the Tax Law specifically states that the amount of such an operating loss deduction shall be "presumably the same" as that actually "allowed". Furthermore, this deduction may only be taken from "entire net income". The pertinent computational method contained in section 210 of the Tax Law mandates that certain salaries be separately added to whatever the taxpayer's "entire net income" is finally determined to be, thus obviating by definition any ambiguity which might permit a further deduction, even if such operating loss carryovers were "allowable" for Federal corporate income tax purposes. This is particularly logical when it is remembered that officers' salaries have already been considered as an expense when initially computing "entire net income". Section 210 obviously discards the former cumbersome procedures which often necessitated an examination into the reasonableness of the claimed amount of a taxpayer's salary deductions (e.g., *People ex rel. Public Fuel Serv v Graves,* 249 App Div 671, affd 274 NY 498; *People ex rel. Beck Hazzard, Inc. v Gilchrist,* 220 App Div 362) and substitutes instead a simple arithmetic standard. Petitioner's argument of what is "allowable" as a deduction in this context would effectively defeat the plain import of section 210 and is directly contrary to the

interpretation placed upon that provision by respondent. That construction is entitled to great weight by the courts *(Matter of Howard v Wyman,* 28 NY2d 434, 438; *Matter of American Can Co., supra,* 650) and here it appears to be most consistent with the overall statutory pattern of franchise taxation.

The determination should be confirmed, and the petition dismissed, without costs.

HERLIHY, P. J., SWEENEY, LARKIN and REYNOLDS, JJ., concur.

Determination confirmed, and petition dismissed, without costs.