In the Matter of GENERAL SIGNAL CORPORATION, Petitioner, v STATE TAX COMMISSION, Respondent.

Third Department, November 26, 1975

*Cahill Gordon & Reindel (W. Leslie Duffy* of counsel), for petitioner.

*Louis J. Lefkowitz, Attorney-General (Robert W. Bush* and *Ruth Kessler Toch* of counsel), for respondent.

GREENBLOTT, J. In this proceeding, the petitioner claims that the State Tax Commission has improperly denied it permission to deduct from its 1968 State franchise tax report, the sum of $3,459,993 of notes receivable from Avion Electronics, Inc., a wholly owned subsidiary of petitioner. These amounts were deducted from petitioner's Federal taxable income as worthless bad debts, and petitioner contends that the same treatment should be permitted in New York.

The determination of this question rests upon the interpretation of subdivision 4 of section 208 of the Tax Law, which defines the term "subsidiary capital", for under subdivision 9 of said section 208 "(a) Entire net income shall not include: (1) income, gains and losses from subsidiary capital". "Subsidiary capital" is defined in subdivision 4 to include, amongst other things, "any indebtedness from subsidiaries * * * whether or not evidenced by written instrument, on which interest is not claimed and deducted by the subsidiary for purposes of taxation under articles nine-a, nine-b, nine-c, thirty-two or thirty-three of this chapter".

Avion Electronics, Inc., filed New York State returns for the years 1966 through 1969 and for the year in question deducted the maximum allowed in respect of interest paid to the petitioner on the afore-mentioned notes. The petitioner treated this interest income as taxable income on both its original and amended 1968 returns. The Tax Commission subsequently determined that Avion was not subject to New York franchise tax and credited the tax Avion had paid from 1966 to 1969, to the 1969 tax deficiency of the petitioner. Petitioner does not dispute the finding that Avion was not taxable in New York State, nor does it challenge the computation of the tax involved. Rather, petitioner contends that the Tax Commission erred in categorizing the notes as subsidiary capital. This assertion is based upon the argument that since

subdivision 4 of section 208 is operative only upon an election by the subsidiary to not claim or deduct interest, the election cannot be made for the subsidiary by the Tax Commission. While it is true that subdivision 4 is indeed elective in the case of a domestic subsidiary, petitioner's argument overlooks the fact that no election could have been made here since the subsidiary was not subject to taxation under articles 9-A, 9-B or 9-C of the Tax Law. The Tax Commission has in effect held that any indebtedness held by a parent of a subsidiary is "subsidiary capital" whenever the subsidiary is not subject to New York franchise tax, and it is this interpretation which we are called upon to review.

Looking first to the language of the statute, it is clear that where a subsidiary is not subject to New York franchise tax, interest on indebtedness cannot be claimed and deducted by the subsidiary, and thus the indebtedness readily fits within the definition of subsidiary capital. Insofar as it may be argued that the Legislature did not intend such a result in the case of nontaxable subsidiaries, we are of the view that the obvious purpose of the legislation proves the contrary. The purpose of section 208 and related provisions in article 9-A of the Tax Law is to define the taxable income of a New York corporation which is part of a multicorporate structure. To do so, it has adopted the device of defining subsidiary capital by reference to a negative, namely indebtedness on which interest is not claimed or deducted. The argument of petitioner in the instant case is that the negative should not apply where the positive would be impossible of achievement such as in the case of a nontaxable subsidiary. Such an approach obscures the obvious purpose of the statute, which is to exclude from gain or loss any intracorporate indebtedness except in situations where such gain or loss has been used to effect the New York taxable income of a subsidiary. Thus, the Tax Commission has properly taken the view that the operation of subdivision 4 of section 208 and its companion statutes is dependent upon the existence of a multicorporate structure where both parent and subsidiary are subject to New York franchise tax. Where the subsidiary is not subject to New York tax, State taxing authorities cannot inquire into the taxpaying practices of the subsidiary in other States, and therefore will treat all intracorporate indebtedness as subsidiary capital.

We find such an interpretation to be wholly reasonable. We also reject any contention that it is arbitrary in that it has

been applied to deprive petitioner of a deduction, since it is easy to conceive of circumstances where the interpretation adopted by the commission will insulate a parent corporation's income in respect of a nontaxable subsidiary from taxation where such income would be taxable if the subsidiary itself were taxable.

Great weight is to be given to a reasonable construction put upon a statute by those charged with its administration. *(Matter of American Can Co. v State Tax Com.,* 37 AD2d 649.) In this case, the construction is reasonable, and the determination of the Tax Commission will be upheld.

The determination should be confirmed, and the petition dismissed, without costs.

HERLIHY, P. J., KOREMAN, MAIN and REYNOLDS, JJ., concur.

Determination confirmed, and petition dismissed, without costs.