■ In the Matter of AMERICAN EMPLOYERS' INSURANCE COMPANY, Appellant, v STATE TAX COMMISSION, Respondent.—Harvey, J. Appeal from a judgment of the Supreme Court at Special Term (Pennock, J.), entered November 2, 1984 in Albany County, which dismissed petitioner's application, in a

proceeding pursuant to CPLR article 78, to annul a determination of respondent sustaining a franchise tax assessment imposed under Tax Law article 33.

Petitioner, a property and casualty insurer, is a Massachusetts corporation licensed to do business in New York. Petitioner is subject to the franchise tax provisions of Tax Law article 33 (Tax Law § 1500 [c]; § 1501 [a]). That law became effective with the 1974 taxable year (L 1974, ch 649, § 13), and imposed a franchise tax computed on the basis of petitioner's entire net income (Tax Law § 1502).

That law also contained a provision for deduction of a net operating loss over a period of years, within certain limits. Under the statute, a net operating loss deduction can be taken only when such deduction was also properly taken on the taxpayer's Federal income tax return for the same taxable year. The deduction on the New York franchise tax return could not "exceed any such deduction allowable to the taxpayer for the taxable year for federal income tax purposes" (Tax Law § 1503 [b] [4] [B]).

Petitioner incurred net operating losses for the 1974 and 1975 taxable years. Those losses were carried back and taken as net operating loss deductions on its Federal income tax returns for years preceding the 1974 effective date of the New York law. Petitioner claimed a net operating loss for 1974 and 1975 on both its Federal income tax and New York franchise tax returns. For Federal tax purposes and because of petitioner's prior carry back decision, no net operating loss carry-over remained that could be charged to the year 1976. When petitioner claimed a $4,623,800 net operating loss on its 1976 New York franchise tax return, it was disallowed by the Department of Taxation and Finance on the basis of Tax Law § 1503 (b) (4) (B).

Following a hearing, respondent's determination was that since petitioner had not claimed a Federal operating loss on its 1976 Federal income tax return, it was proscribed from taking an operating loss deduction on its 1976 New York franchise tax return. Thereafter, petitioner commenced the instant CPLR article 78 proceeding. Special Term found that respondent's decision was an accurate and reasonable application of the statute and dismissed the article 78 petition. This appeal ensued.

Special Term's dismissal of the petition was proper. Petitioner had fully deducted the amount of the losses on its Federal income tax returns for years prior to 1976. Thus, it

may not claim a net operating loss deduction on its New York franchise tax return without having a valid and reciprocal loss claim on its Federal income tax return for the same taxable year.

Petitioner will never be able to claim the unused portion of the net operating loss deduction which appeared on its 1976 New York franchise tax return. This does not change the fact that respondent's determination was a proper interpretation of the statutory provision *(see, Matter of Sheils v State Tax Commn.,* 52 NY2d 954; *Matter of Gurney v Tully,* 51 NY2d 818). It is petitioner's burden to establish that any deduction claimed on its return is clearly provided for by statute *(see, Matter of Grace v New York State Tax Commn.,* 37 NY2d 193, 197). Petitioner has failed to sustain its burden.

Judgment affirmed, without costs. Mahoney, P. J., Weiss, Yesawich, Jr., Levine and Harvey, JJ., concur.