■ In the Matter of EVEREADY INSURANCE COMPANY, Appellant, v NEW YORK STATE TAX COMMISSION, Respondent.—Mahoney, P. J. Appeal from a judgment of the Supreme Court at Special Term (Hughes, J.), entered March 28, 1986 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent sustaining a corporation franchise tax assessment imposed under Tax Law article 33.

Petitioner is a New York insurance corporation. Prior to 1974, petitioner filed returns pursuant to Tax Law article 9A, the general corporation franchise tax statute. In 1974, the Legislature passed a franchise tax article dealing specifically with insurance companies (Tax Law art 33) which became effective for the taxable year beginning January 1, 1974. Since that time, petitioner has filed returns pursuant to this latter article. In 1973, 1974 and 1975, petitioner had net losses; in 1976 and 1977, it had income. On its 1977 tax return, petitioner included a "net operating loss" deduction of $374,604 based on the losses it incurred in 1974 and 1975. The Audit Division of the Department of Taxation and Finance determined that petitioner improperly calculated the net operating loss deduction and disallowed the deduction. A notice of deficiency was issued which petitioner protested. Respondent upheld the notice of deficiency, and petitioner commenced this CPLR article 78 proceeding challenging such decision. Special Term dismissed the petition and this appeal ensued.

Tax Law § 1503 (a) provides that the entire net income for a taxpayer such as petitioner shall be presumably the same as that reported on its Federal tax return. The Internal Revenue

Code allows as a deduction net operating losses carried forward or back from previous or subsequent taxable years. However, the Tax Law includes a modification that any net operating loss deduction allowable under the appropriate provisions of the Internal Revenue Code shall not include any such loss incurred in a taxable year prior to January 1, 1974 (Tax Law § 1503 [b] [4] [C]). Here, petitioner sustained a loss of $562,233 in 1973, which would not be allowable as a net operating loss deduction on its State tax return. Petitioner also suffered losses of $134,100 and $304,371 in 1974 and 1975. On its State tax return, petitioner calculated the net operating loss deduction based on its 1974 and 1975 losses. Respondent agreed with the Department's position that, under Federal tax law, petitioner was required to use its net operating loss carryover in a sequential manner, i.e., it had to use all of its net operating loss for 1973 before then using its 1974 and 1975 losses. Since, in 1977, petitioner had not used all of its operating loss carryover from 1973, the Department urges, petitioner could not, on its State return, ignore the 1973 loss and start carrying over its 1974 and 1975 losses. Thus, the parties are in agreement that the 1973 loss is not deductible for State tax purposes, but the 1974 and 1975 losses are. The dispute concerns when petitioner may deduct the 1974 and 1975 losses.

For State tax purposes, it is petitioner's burden to establish the validity of any deduction claimed (see, Matter of American Employer's Ins. Co. v State Tax Commn., 114 AD2d 736). In the construction of tax statutes, a court will give deference to respondent, and to prevail, a petitioner must show that its interpretation is the only reasonable construction of the statute (see, Kurcsics v Merchants Mut. Ins. Co., 49 NY2d 451, 459; Matter of Blue Spruce Farms v State Tax Commn., 99 AD2d 867). In the instant case, since Tax Law § 1503 (b) (4) refers to the "net operating loss deduction" pursuant to the Internal Revenue Code, the case turns on whether, for Federal tax purposes, petitioner may utilize its 1974 and 1975 losses before it fully deducts its 1973 loss. We agree with respondent that it may not.

The Treasury Regulations promulgated pursuant to Internal Revenue Code § 172 (26 USC § 172) provide: "For the purpose of determining the taxable (or net) income for any such preceding taxable year, the various net operating loss carryovers and carrybacks to such taxable year are considered to be applied in reduction of the taxable (or net) income in the order of the taxable years from which such losses are carried

over or carried back, beginning with the loss for the earliest taxable year" (26 CFR 1.172-4 [a] [3]). Thus, the 1973 net operating loss must be exhausted before petitioner can begin to deduct its 1974 and 1975 losses. Therefore, the deduction "allowable under [Internal Revenue Code § 172] * * * which is allowable to the taxpayer for federal income tax purposes" (Tax Law § 1503 [b] [4]) is the portion of the 1973 net operating loss sufficient to offset petitioner's 1977 gross income.* Accordingly, respondent properly disallowed the net operating loss deduction on petitioner's 1977 return. We note that petitioner is not losing its net operating loss carryover for 1974 and 1975. It is losing a deduction for the 1973 loss and that is specifically what Tax Law § 1503 (b) (4) (C) was intended to accomplish. The deductibility of the net operating loss carryovers for 1974 and 1975 is simply deferred until the 1973 loss is exhausted as a deduction for Federal tax purposes.

Judgment affirmed, without costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.

---

* It appears from petitioner's brief that it had $69,000 of net income in 1976. Presumably it used the 1973 net operating loss carryover as a deduction against such income on its 1976 Federal return. In any event, there remains more than enough of the 1973 loss to offset petitioner's gross income in 1977 for Federal income tax purposes.