■ In the Matter of ROYAL INDEMNITY COMPANY, Petitioner, v TAX APPEALS TRIBUNAL et al., Respondents.—Mercure, J. Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Tax Law § 2016) to review a determination of

respondent Tax Appeals Tribunal which sustained a franchise tax assessment imposed under Tax Law article 33.

Petitioner, a property and casualty insurer, is a Delaware corporation licensed to do business in New York and subject to franchise taxation under Tax Law article 33. Petitioner sought to carry forward its 1974 and 1975 net operating losses as deductions on its 1976 and 1977 State franchise tax returns in amounts which exceeded those petitioner deducted on its corresponding Federal tax returns. The Federal deductions were smaller because petitioner had already exhausted for Federal purposes all of its 1974 losses and a portion of its 1975 loss in years prior to 1974. The Audit Division of the Department of Taxation and Finance (hereinafter Department) reduced petitioner's State net operating loss deduction for 1976 to an amount which would reduce petitioner's Federal taxable income to zero and, for 1977, to an amount equal to petitioner's Federal net operating loss deduction. Petitioner sought administrative review and an Administrative Law Judge upheld the actions of the Department. Respondent Tax Appeals Tribunal confirmed the Administrative Law Judge's determination, and petitioner commenced this CPLR article 78 proceeding.

We begin by observing that the franchise tax is computed on the basis of petitioner's entire net income (Tax Law § 1502). Tax Law § 1503 (a) utilizes the taxpayer's Federal taxable income as the base upon which State modifications pursuant to Tax Law § 1503 (b) apply. Tax Law § 1503 (b) (4) (B) limits the available State net operating loss deduction to "such deduction *allowable* to the taxpayer for the taxable year for federal income tax purposes". Respondents interpret the word "allowable" to mean that the New York net operating loss deduction could not exceed the amount deducted on the Federal return for the corresponding year, that is, the amount of Federal deduction required to reduce Federal taxable income to zero. Petitioner asserts that the Federal rules apply only to determine the computational procedure applicable to the New York deduction, not the amount.

The administrative determination should be confirmed. In *Matter of American Employers' Ins. Co. v State Tax Commn.* (114 AD2d 736), this court upheld the Department's disallowance of a State net operating loss deduction under virtually identical circumstances. There, as here, an insurance company had 1974 and 1975 net operating losses and attempted to claim a net operating loss deduction on its 1976 New York franchise tax return without having a valid and reciprocal

loss claim on its Federal income tax return for the same taxable year. In our view, *Matter of American Employers' Ins. Co. v State Tax Commn. (supra),* consistent with a long line of precedents limiting State net operating loss deductions to those amounts Federally allowable, i.e., allowed to be taken on the Federal tax return for the corresponding year *(see, Matter of Sheils v State Tax Commn.,* 52 NY2d 954, *revg* 72 AD2d 896; *Matter of Gurney v Tully,* 51 NY2d 818, *revg* 67 AD2d 303; *Matter of Eveready Ins. Co. v New York State Tax Commn.,* 129 AD2d 958, *lv denied* 70 NY2d 604; *Matter of Berg v Tully,* 92 AD2d 436, *lv denied* 60 NY2d 552; *Telmar Communications Corp. v Procaccino,* 48 AD2d 189), is controlling.

We have examined petitioner's remaining contentions and find them to be either without merit or subsumed in our determination to follow *Matter of American Employers' Ins. Co. v State Tax Commn. (supra).*

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Weiss, Levine, Mercure and Harvey, JJ., concur.