*77
 
 OPINION OF THE COURT
 

 Hancock, Jr., J.
 

 We agree with the Appellate Division that under Tax Law § 1503 (b) (4) (B) a taxpayer’s State deduction for net operating losses for a tax year is limited to the amount of the Federal loss deduction for the same year.
 

 The facts are not in dispute. Petitioner, a property and casualty insurer, is a Delaware corporation licensed to do business in New York. For tax years beginning on or after January 1, 1974, petitioner became subject to tax under article 33 of the Tax Law (Tax Law § 1500
 
 et seq.)
 
 for the privilege of doing business in this State
 
 (see,
 
 Tax Law § 1501 [a]).
 

 During the taxable years 1974 and 1975, petitioner sustained net operating losses. All of its 1974 and a portion of its 1975 losses were "carried back” to pre-1974 tax years for Federal income tax purposes
 
 (see,
 
 Internal Revenue Code [26 USC] § 172 [b] [2]). The balance of petitioner’s net operating losses sustained in 1975 were "carried forward” as deductions to its 1976 and 1977 entire net income for Federal income tax purposes. Because petitioner did not pay New York State taxes under article 33 before 1974, it could not similarly "carry back” a deduction for 1974 and 1975 losses to pre-1974 tax years for State income tax purposes. In filing its 1976 and 1977 State returns under article 33, petitioner was permitted under the statute to take "net operating loss deductions”. Petitioner took, as part of its deductions, the amount of its 1974 and 1975 losses which it had not been able to carry back for State tax purposes but had been able to carry back to pre 1974 tax years for Federal tax purposes. As a result, in 1976 and 1977 the amount of the deduction petitioner took for net operating losses for State tax purposes was greater than the amount taken for Federal tax purposes.
 

 The Audit Division of the State Department of Taxation (the Department) reduced petitioner’s net operating loss deductions for the 1976 and 1977 tax years to the amount of its Federal net operating loss deduction. Upon administrative review, the Administrative Law Judge upheld the Department’s actions and respondent Tax Appeals Tribunal confirmed the ALJ’s determination. Petitioner commenced this article 78 proceeding challenging the Tribunal’s determination. The Third Department confirmed the determination and
 
 *78
 
 dismissed the proceeding and this court granted petitioner leave to appeal.
 

 Petitioner argues that the use of the Federal
 
 method
 
 of computation, and not the
 
 actual amount,
 
 of the Federal net operating loss deduction is required to be used in determining the State net operating loss deduction under Tax Law § 1503. Petitioner relies principally on a Second Circuit decision interpreting an analogous former New York City general corporate taxation scheme
 
 (see, Matter of Avien, Inc.,
 
 532 F2d 273). We decline to follow the Second Circuit’s reasoning in
 
 Avien
 
 and agree with the conclusion reached below that the New York net operating loss deduction cannot exceed the
 
 amount deducted
 
 on the Federal return for the corresponding year
 
 (see, Matter of American Employers’ Ins. Co. v State Tax Commn.,
 
 114 AD2d 736;
 
 see also, Matter of Eveready Ins. Co. v New York State Tax Commn.,
 
 129 AD2d 958,
 
 lv denied
 
 70 NY2d 604).
 

 Whether and to what extent a deduction shall be allowed is a matter of legislative grace and, therefore, the taxpayer bears the burden of establishing its right to a particular deduction
 
 (see, Matter of Grace v New York State Tax Commn.,
 
 37 NY2d 193, 197;
 
 Matter of Gurney v Tully,
 
 51 NY2d 818,
 
 revg on dissenting opn by Staley, J.,
 
 67 AD2d 303, 305-307). Petitioner has not sustained its burden.
 

 Petitioner’s franchise tax is based on petitioner’s entire net income or portion thereof allocated within this State (Tax Law § 1502 [a] [1]). Tax Law § 1503 (b) (4) provides that any net operating loss deduction "allowable under section[ ] one hundred seventy-two * * * of the internal revenue code [26 USC § 172], which is allowable to the taxpayer for federal income tax purposes” may be used for State tax purposes. Any such deduction
 
 "shall not,
 
 however,
 
 exceed any such deduction allowable to the taxpayer for the taxable year for federal income tax purposes”
 
 (Tax Law § 1503 [b] [4] [B] [emphasis supplied]). While petitioner will never be able to claim its 1974 loss and a portion of its 1975 as a deduction for State tax purposes, we nevertheless believe respondent properly interpreted Tax Law § 1503 (b) (4) (B).
 

 Respondent’s interpretation of Tax Law § 1503 is supported by the legislative history. The legislative history suggests that the deduction provisions contained in article 33 of the Tax Law were intended to be substantially similar to those required under article 9-A
 
 (see,
 
 State Dept of Taxation & Fin,
 
 *79
 
 Mem in support, Bill Jacket, L 1974, ch 649, at 3; State Ins Dept. Mem in support,
 
 id.,
 
 at 7; Senate Budget Report on Bills in support,
 
 id.,
 
 at 11, 12). The Legislature provided that the provisions in article 33 should be regarded as being
 
 in pari materia
 
 and construed in a like manner as substantially identical provisions contained in article 9-A (L 1974, ch 649, § 12). At the time of the enactment of article 33, the analogous article 9-A loss deduction provision
 
 (see,
 
 Tax Law § 208 [9] [f]) had been consistently interpreted as limiting the State loss deduction for the tax year to the
 
 amount
 
 of the Federal deduction
 
 (see, Matter of Abraham & Straus v Tully,
 
 47 NY2d 207, 214).
 

 In light of the foregoing, the judgment of the Appellate Division should be affirmed, with costs.
 

 Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone and Bellacosa concur.
 

 Judgment affirmed, with costs.