[633 NYS2d 226]

In the Matter of Aetna Casualty and Surety Company et al., Petitioners, v Tax Appeals Tribunal of State of New York et al., Respondents.

Third Department, October 26, 1995

## APPEARANCES OF COUNSEL

*Debevoise & Plimpton,* New York City *(Seth L. Rosen, Hugh Rowland, Jr.* and *Elizabeth Buckley* of counsel), for petitioners.

*Dennis C. Vacco, Attorney-General,* Albany *(Denise A. Hartman* and *Wayne L. Benjamin* of counsel), for Commissioner of Taxation and Finance of the State of New York, respondent.

## OPINION OF THE COURT

YESAWICH JR., J.

Petitioners, three Connecticut insurance corporations licensed to do business in New York, are subject to New York franchise taxation under Tax Law article 33. Members of an affiliated group that files a single Federal income tax return, they filed separate New York franchise tax returns, based on income and loss figures calculated as if they were filing separate Federal returns *(see,* 20 NYCRR 3-8.1 [a]), in the years at issue. When audits by the Department of Taxation and Finance (hereafter the Department) indicated that each had incorrectly calculated its New York taxable income for 1986 (and that petitioner Aetna Casualty and Surety Company [hereinafter AC&S] had done the same for 1987), as a result of having misapplied the rules for utilizing net operating losses (hereafter NOL), petitioners paid the deficiencies assessed and petitioned for refunds, arguing, *inter alia,* that the Department had misinterpreted the applicable statute. Their contentions were rejected by the Division of Tax Appeals, and then by respondent Tax Appeals Tribunal, and this proceeding ensued.

In evaluating petitioners' returns for the years in dispute, the Department interpreted Tax Law § 1503 (b) (4) as prohibiting the deduction of any NOL in excess of the amount the taxpayer had carried back or forward from the same year when calculating the NOL deduction claimed on its Federal income tax return. Simply put, the Department's thesis is that, to be allowed, the losses deducted on petitioners' franchise tax returns must have arisen in the same source year(s) as those deducted on the Federal return (a requirement known as "source year conformity").

Due to differences in the Federal and State rules governing taxation of municipal bond income, petitioners' State tax returns generally reflect more taxable income, and thus smaller net losses in unprofitable years, than their corresponding Federal returns. As a consequence, petitioners have, at times, fully deducted the New York loss arising in a particular year before exhausting the larger corresponding Federal loss. For the years at issue here, each petitioner, though required to deduct on its Federal return losses accrued in certain prior years, lacked comparable New York losses to carry forward from the same source years. Each therefore claimed an NOL deduction on its franchise tax return comprised entirely or in part of losses generated in other years. A large portion of these deductions was disallowed as not reflecting proper "source year conformity" with petitioners' Federal returns.

AC&S, which had entirely offset its 1986 Federal income with losses arising in 1981, had no 1981 loss available for New York purposes, for it was required to carry its entire 1981 loss back to offset its 1978 New York income. As a consequence, its attempt to carry forward to 1986 net operating losses, totaling $306,978,127, incurred in 1982, 1983, 1984 and 1985 was disallowed, for it had not used a loss from any of those years on its 1986 Federal return. In 1987, AC&S took a net operating loss deduction, on its New York return, of $131,211,407. Inasmuch as its Federal deduction in that year was comprised solely of losses arising in 1981 and 1982, however, and it had no 1981 New York loss available (having been required to carry that loss back to 1978), the Department reduced the allowable deduction to $97,630,538, the amount of the Federal deduction that had arisen in 1982.

Petitioner Aetna Life Insurance & Annuity Company (hereinafter AL&A) had, in 1986, claimed an NOL deduction of $55,612,275 on its Federal return, of which $1,732,662 was

carried forward from 1975, 1976, 1977 and 1978, and $53,879,613 from 1981. AL&A had no New York losses available from 1975 through 1978, but it had incurred a loss of $103,215,996 in 1981, so it was permitted to deduct, for New York purposes, $53,879,613, the amount of its Federal deduction arising in 1981.

In 1986, petitioner Automobile Insurance Company of Hartford, Connecticut (hereinafter Auto), claimed a Federal NOL deduction of $3,528,158, comprised of losses generated in 1982, 1983 and 1984. Having shown a profit in each of those years for State tax purposes, Auto had no losses to carry forward therefrom. Accordingly, its entire 1986 NOL deduction, which had been based on a loss incurred in 1985, was disallowed. That loss could not be deducted, the Department concluded, because Auto had not used any loss from 1985 in calculating its Federal deduction.

These disallowances, according to petitioners, were improper because, in their view, the "source year conformity" requirement has no basis in the applicable statute and regulations, defeats the intent of those provisions and violates equal protection principles by unfairly increasing the tax burden on those who invest in municipal bonds. The Department maintains that it has interpreted the pertinent statute in a reasonable manner and that the construction it has adopted furthers the statutory aim of Federal-State conformity. Though petitioners' interpretation of the pertinent statute is not at all unreasonable, they have not carried their heavy burden of demonstrating that theirs is the only logical construction of the statutory language, or that the Department's interpretation is irrational *(see, Matter of Custom Shop Fifth Ave. Corp. v Tax Appeals Tribunal,* 195 AD2d 702, 703; *Matter of Marriott Family Rests. v Tax Appeals Tribunal,* 174 AD2d 805, 807, *lv denied* 78 NY2d 863).

Tax Law § 1503 (b) (4) expressly permits a taxpayer to utilize, when calculating its income for franchise tax purposes, the NOL deduction that it claimed on its Federal income tax return for the corresponding year. This deduction must be modified in certain respects, with the resulting figure to be deducted from taxable income, but, significantly, only to the extent that it does not exceed the Federal deduction *(see,* Tax Law § 1503 [b] [4] [B]). Because the statute begins with the deduction claimed on the Federal return, the Department has taken the position—which we have implicitly upheld *(see, Matter of Eveready Ins. Co. v New York State Tax Commn.,*

129 AD2d 958, 959, *lv denied* 70 NY2d 604; *Matter of American Employers' Ins. Co. v State Tax Commn.*, 114 AD2d 736, 737-738)—that it allows the deduction of only those losses that made up the Federal deduction, namely, those incurred in the same year(s). Given that the modifications made to the Federal deduction, when calculating the State deduction, do not encompass the inclusion of losses from other years, the Department's interpretation cannot be said to be unreasonable. Therefore, it must be upheld *(see, Matter of Custom Shop Fifth Ave. Corp. v Tax Appeals Tribunal, supra,* at 704). Petitioners' attempt to rely on the regulation governing aggregation of losses from multiple years *(see,* 20 NYCRR 3-8.5) to circumvent the source year conformity rule is also unavailing, for, as the Tribunal notes, that regulation incorporates similar limitations on deductibility.

It bears noting that this "source year" limitation has also been recognized, and apparently accepted, by the Court of Appeals, which found in *Matter of Royal Indem. Co. v Tax Appeals Tribunal* (75 NY2d 75, 78) that the petitioner therein, having already utilized its Federal losses from 1974 and part of 1975, would *never* be able to deduct its corresponding State losses *(see also, Matter of American Employers' Ins. Co. v State Tax Commn., supra,* at 738). Moreover, the Department's argument, that true conformity with Federal operating loss rules cannot be achieved by requiring numerical conformity only, provided an additional, reasonable basis for the Tribunal's decision.

And, even if, as petitioners contend, the requirement of "source year conformity" affects those taxpayers who invest in municipal bonds to a greater degree than others, those two groups cannot be said to be "similarly situated", for purposes of taxation, such that the difference in their treatment constitutes the type of arbitrary distinction that raises equal protection concerns *(see, Matter of Union Carbide Chems. & Plastic Co. v Tax Appeals Tribunal,* 213 AD2d 807, 809, *appeal dismissed* 85 NY2d 1031, *lv denied* 86 NY2d 710).

Lastly, we find that the Tribunal did not err in rejecting AC&S' attempt to rely on the principle of equitable recoupment to offset part of its 1986 deficiency by the amount it had overpaid in 1978, for that doctrine only applies when the overpayment to be recouped was made during the · period under review, and can thus be considered part of the same

"transaction" *(see, Matter of National Cash Register Co. v Joseph,* 299 NY 200, 203; *see also,* Tax Law § 1089 [g]).

MIKOLL, J. P., CREW III, WHITE and SPAIN, JJ., concur.

Adjudged that the determination is confirmed, without costs, and petition dismissed.