■ In the Matter of TURBODYNE CORPORATION, Petitioner, v TAX APPEALS TRIBUNAL OF THE DEPARTMENT OF TAXATION AND FINANCE OF THE STATE OF NEW YORK et al., Respondents. [667 NYS2d 105] —Crew III, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which sustained an assessment of corporation franchise tax imposed under Tax Law article 9-A.

During the relevant tax period, petitioner was a wholly owned subsidiary of Edison International, Inc., which, in turn, also owned 100% of the stock of Campbell Chain Company and Worthington Compressors, Inc. Effective November 1, 1984, Edison sold petitioner. Petitioner and its parent and sibling corporations each were subject to State corporation franchise tax and, to that end, Edison, Campbell and Worthington each filed separate corporation franchise tax reports for the 1984 calendar year, while petitioner filed a separate report for the short period from January 1, 1984 through October 31, 1984.

Subsequently, in May 1988, the Division of Taxation conducted a field audit of petitioner's separate report for the short period ending October 31, 1984, during the course of which petitioner requested that it be permitted to file a combined franchise tax report including Edison, Campbell and Worthington.[1] The Division denied petitioner's request and, in January 1990, issued a notice of deficiency asserting additional tax due by petitioner in the sum of $67,818, plus interest.[2]

Shortly thereafter, while the Statute of Limitations governing refunds was still open for petitioner, a combined report for petitioner, Edison, Campbell and Worthington was filed in which petitioner sought a refund in the amount of $1,133,725.[3] Following a conciliation conference, the Division's notice of deficiency was sustained. Thereafter, in July 1993, petitioner

---

1. Although every corporation doing business in this State is a separate taxable entity and is required to file its own corporation franchise tax report (*see,* Tax Law § 211 [1]; 20 NYCRR 6-2.1 [a]), the Division may, in its discretion, require or permit corporations to file corporation franchise tax reports on a combined basis in order to properly reflect their tax liability (*see,* Tax Law § 211 [4]; 20 NYCRR 6-2.1 [a]) provided three tests are satisfied (*see,* 20 NYCRR 6-2.2 [a] [stock ownership test]; 20 NYCRR 6-2.2 [b] [unitary business test]; 20·NYCRR 6-2.3 [a] [distortion of income test]).

2. Although additional notices of deficiency subsequently were issued, these notices of deficiency and the taxable years that they encompass do not appear to be at issue on review. Accordingly, all references to "notice of deficiency" shall refer only to the notice issued for the short period ending October 31, 1984.

3. The refund was calculated based upon a formula devised by petitioner, wherein petitioner's "separate report tax liability" was divided by the "total

objected to the conciliation order and a hearing was scheduled before an Administrative Law Judge (hereinafter ALJ), during the course of which the Division did not dispute that petitioner, together with its parent and sibling corporations, met the three-part test for combination set forth in the statute and the relevant corporation franchise tax regulations (see, n 1, supra). Additionally, the Division conceded that the Statutes of Limitation governing claims for refunds (see, Tax Law § 1087 [a]) and the assessment of additional tax (see, Tax Law § 1083 [a]) remained open for petitioner, and petitioner conceded that the subject Statutes of Limitation had expired as to Edison, Campbell and Worthington. Testimony was received from petitioner's expert witness in support of its claim that it should be entitled to file a combined report which, as noted previously, resulted in a substantial refund, and the Division introduced documentary evidence in support of its position that petitioner could not properly file a combined report under the circumstances present here.

By decision dated May 25, 1995, the ALJ denied the petition and sustained the Division's notice of deficiency concluding, inter alia, that a combined report could not be used unless the aforementioned Statutes of Limitation remained open with respect to all of the entities sought to be combined for the tax period in issue. Petitioner thereafter appealed the ALJ's decision to respondent Tax Appeals Tribunal, which, after hearing oral argument, sustained the notice of deficiency and denied petitioner's request for a refund. The basis for the Tribunal's denial was that a "combined report" qualified as a "return" for purposes of Tax Law § 1083 (a) and Tax Law § 1087 (a) and, therefore, the filing of a combined report was appropriate only where the cited Statutes of Limitation remained open for all members of the combined group. Petitioner subsequently commenced this proceeding pursuant to CPLR article 78 to challenge that determination.

In order to overcome the Tribunal's construction of the relevant statutory and regulatory provisions, petitioner was required to establish that its interpretation thereof was not only plausible, but that such interpretation was the only logical construction (see generally, Matter of Aetna Cas. & Sur. Co. v Tax Appeals Tribunal, 214 AD2d 238, 241, lv denied 87 NY2d 811). Inasmuch as petitioner failed to sustain its heavy burden in this regard, the Tribunal's determination must be confirmed.

As a starting point, we reject petitioner's assertion that a

tax liability, on a separate basis, of all group members", with the resulting figure multiplied by the "total refund for [the] group".

combined report is merely a computational or accounting device and, hence, the Tribunal erred in concluding that such a report constitutes a tax return. The Division's regulations plainly provide that "[t]he term *report* means a report or return of tax, but does not include a declaration of estimated tax" (20 NYCRR 1-2.10 [emphasis in original]), and we find nothing irrational or unreasonable in the position adopted by the Tribunal.

Equally unpersuasive is petitioner's claim that the Tribunal blurred the distinction between the filing requirements for a combined report and the statutory periods during which a taxpayer may seek a refund or the Division may assess additional tax. Although petitioner would have this Court view the combined report provisions and relevant Statute of Limitations provisions in isolation, this simply is not feasible. As respondents argue and the Tribunal, in affirming the ALJ's decision, implicitly found, both the Division and the affected taxpayers should be able to rely upon the finality provided by the expiration of the Statutes of Limitation governing refunds and assessments. In other words, logic and fairness dictate that once the Statutes of Limitation have expired with respect to a member of the combined group, the Division should not be able to include the "closed-year" corporation to generate an additional assessment for the remaining "open-year" members of the group, and the open-year members of the group should not be permitted to revive the closed-year member to generate a refund. In our view, the Division's interpretation of the relationship between the respective combined report and Statute of Limitations provisions is entirely reasonable and is consistent with the over-all statutory scheme. Petitioner's remaining contentions have been examined and found to be lacking in merit.

Mikoll, J. P., White, Peters and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.