■ In the Matter of HOWARD MICHAELS, Petitioner, v TAX APPEALS TRIBUNAL OF STATE OF NEW YORK et al., Respondents. [706 NYS2d 519] —Lahtinen, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which sustained the assessment of a real property transfer gains tax imposed under Tax Law former article 31-B.

Petitioner contends that respondent Tax Appeals Tribunal erred in concluding that he was liable for the real property transfer gains tax\* assessed as a result of a cooperative conversion project sponsored by Glen Cove Associates, a limited partnership. As president and sole shareholder of HLM/Glen

---

\* Tax Law former article 31-B, which imposed the real property transfer gains tax, was repealed in 1996 (L 1996, ch 309, § 171) subsequent to the real property transfers at issue herein.

Cove, Inc., the general partner of Glen Cove Associates, petitioner filed the real property gains transfer tax questionnaire required by Tax Law former § 1147 and other documents required by General Business Law article 23-A. Pursuant to Tax Law former § 1442 (a), the real property transfer gains tax was to be paid by "the person liable for the tax", who was defined by Tax Law former § 1440 (9) as the "person who is personally liable for the tax whether as a transferor or as a transferee."

Petitioner, who was not a transferee, contends that Glen Cove Associates was the actual transferor and, therefore, he cannot be personally liable for the tax. "It is beyond cavil that the Tribunal's statutory interpretation will be upheld by this Court provided that it is neither irrational nor unreasonable" (*Matter of AGL Welding Supply Co. v Commissioner of Taxation & Fin.*, 238 AD2d 734, 736, *lv denied* 90 NY2d 808). In determining that petitioner was liable for the tax, the Tribunal concluded that the definition of "the person liable for the tax" in Tax Law former § 1440 (9) cannot be read without consideration of Tax Law former § 1440 (8), which defined "person" as "an individual, corporation, partnership * * * or an officer * * * of any corporation * * * or a member * * * of any partnership * * * who as such officer * * * or member is under a duty to perform an act required under this article." Considering the legislative intent evident in the Legislature's use of broad and inclusive language (*see, e.g., Matter of Ianniello v New York State Tax Appeals Tribunal*, 209 AD2d 740, 741), we find nothing irrational or unreasonable in the Tribunal's rejection of the narrow statutory interpretation advanced by petitioner and its conclusion that petitioner, an officer of the corporate general partner of Glen Cove Associates, who as such officer was responsible for complying with the filing requirement of Tax Law former article 31-B, is a person who is personally liable for the tax within the meaning of Tax Law former § 1440 (8) and (9). Assuming that petitioner's narrow interpretation of the statute is plausible, he has nevertheless failed to demonstrate that it is the only logical interpretation or that the Tribunal's interpretation is irrational or unreasonable (*see, Matter of Aetna Cas. & Sur. Co. v Tax Appeals Tribunal*, 214 AD2d 238, 241, *lv denied* 87 NY2d 811).

Spain, J. P., Carpinello, Mugglin and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.