█ In the Matter of CITRIN COOPERMAN & COMPANY, LLP, Petitioner, v TAX APPEALS TRIBUNAL OF THE CITY OF NEW YORK et al., Respondents. [859 NYS2d 158]—

Decision of respondents, dated September 10, 2007, affirming an administrative determination that sustained a deficiency notice for petitioner's New York City unincorporated business tax (UBT) returns for calendar years 1996 and 1997, unanimously confirmed, the petition denied and this proceeding, commenced in this Court pursuant to CPLR 506 (b) (4), dismissed, without costs.

The Tax Tribunal's decision was rationally based and supported by substantial evidence (*see Matter of CS Integrated, LLC v Tax Appeals Trib. of State of N.Y.*, 19 AD3d 886, 889 [2005]), and is thus entitled to deference (*see Matter of American Tel. & Tel. Co. v State Tax Commn.*, 61 NY2d 393, 400 [1984]). Exemption and deduction provisions are to be construed in favor of the taxing authority (*see Matter of Mobil Oil Corp. v Finance Adm'r of City of N.Y.*, 58 NY2d 95, 99 [1983]), and the extent to which a deduction shall be allowed is a matter of legislative grace (*Matter of Royal Indem. Co. v Tax Appeals Trib.*, 75 NY2d 75, 78 [1989]) to which a taxpayer must prove entitlement (*see Matter of Grace v New York State Tax Commn.*, 37 NY2d 193, 196 [1975]).

Petitioner did not meet its burden of proof (Administrative Code of City of NY § 11-529 [e]) that the Tribunal had erred in finding the payments to retired partners in 1996 and 1997 were for nondeductible services and were thus required to be added back to the UBT returns for those years pursuant to Administrative Code § 11-507 (3). Petitioner chose the formulation "past service compensation" when it could have denominated the payments anything other than good will; the terminology was denominated in numerous partnership documents, not only as titles but in explanatory language describing the payments as such in the text of the various agreements; and the partners agreed to recognize the payments as ordinary income for federal tax purposes, entitling petitioner to a federal income tax deduction. Furthermore, analysis of the hearing record and supporting documents supports a finding that the payments were actually for past service compensation.

Petitioner's argument of violation of the Supremacy Clause of article VI of the US Constitution is not properly before this Court since it was not raised before the Tribunal.

We have considered petitioner's remaining arguments and find them without merit. Concur—Andrias, J.P., Gonzalez, Moskowitz and DeGrasse, JJ.