Matter of Toronto Dominion Holdings (U.S.A.), Inc. v Tax Appeals Trib. of The State of New York (2018 NY Slip Op 04402)





Matter of Toronto Dominion Holdings (U.S.A.), Inc. v Tax Appeals Trib. of The State of New York


2018 NY Slip Op 04402


Decided on June 14, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 14, 2018

523475

[*1]In the Matter of TORONTO DOMINION HOLDINGS (U.S.A.), INC., Successor-in-Interest to TD HOLDINGS II, INC., Petitioner,
v
TAX APPEALS TRIBUNAL OF THE STATE OF NEW YORK et al., Respondents.

Calendar Date: April 26, 2018

Before: Garry, P.J., Egan Jr., Clark, Mulvey and Rumsey, JJ.


McDermott Will & Emery, New York City (Alysse B. McLoughlin of counsel), for petitioner.
Barbara D. Underwood, Attorney General, Albany (Brian D. Ginsberg of counsel), for Commissioner of Taxation and Finance, respondent.


Egan Jr., J.

MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal sustaining a notice of deficiency imposed under Tax Law article 32.
TD Holdings II, Inc. was a banking corporation formed under the laws of Delaware with its principal place of business in New York City [FN1]. Pursuant to Tax Law former article 32,[FN2] petitioner was subject to the banking [*2]corporation franchise tax and, as relevant here, timely filed banking corporation franchise tax returns for 2005, 2006 and 2007 [FN3]. Following an audit of petitioner's franchise tax returns for the subject years, the Department of Taxation and Finance determined that petitioner had miscalculated its franchise tax liabilities for 2006 and 2007 and issued petitioner a notice of deficiency, finding that petitioner owed, among other things, an additional banking franchise tax amount of $241,444. Petitioner thereafter filed a petition for redetermination with the Division of Tax Appeals. The parties waived a hearing, stipulated to the facts and exhibits and submitted the matter for determination. The Administrative Law Judge (hereinafter ALJ) granted petitioner's request to revise the notice of deficiency, determining that petitioner was not required to claim any of its 2005 net operating loss (hereinafter NOL) deduction to reduce its entire net income (hereinafter ENI) for 2006 because the banking corporation franchise tax due and owing for that year was not measured based upon its ENI and, instead, was calculated using an alternative tax base (see Tax Law former § 1453 [k-1])[FN4]. The Department then filed an exception with respondent Tax Appeals Tribunal seeking review of the ALJ's determination. Following oral argument, the Tribunal granted the Department's exception, reversed the ALJ's determination and sustained the notice of deficiency in its entirety, finding that the Department's interpretation of Tax Law former § 1453 (k-1) was reasonable and that petitioner failed to meet its burden of establishing its entitlement to the claimed NOL deduction. Petitioner then commenced this CPLR article 78 proceeding, pursuant to Tax Law § 2016, seeking to, among other things, annul the Tribunal's determination.
Petitioner contends that the Tribunal erred when it required petitioner to claim a portion of its 2005 New York NOL deduction in 2006, arguing, in essence, that the presumptively required deduction provided for in Tax Law former § 1453 (k-1) was rebutted by the fact that petitioner's franchise tax liability for 2006 was not measured based upon its ENI and, instead, was measured using an alternative tax base. We disagree. As the entity seeking the benefit of the tax deduction, it was petitioner's burden to establish its entitlement to same (see Matter of Royal Indem. Co. v Tax Appeals Trib., 75 NY2d 75, 78 [1989]; Matter of Grace v New York State Tax Commn., 37 NY2d 193, 195 [1975]; Matter of Ayoub v Tax Appeals Trib. of the State of N.Y., 129 AD3d 1354, 1358 [2015]; Matter of Scholastic Bus Serv. v State Tax Commn., 116 [*3]AD2d 915, 916-917 [1986]). Notably, where, as here, a statute authorizes a particular tax deduction, the statute is to be strictly construed against the taxpayer (see Matter of 677 New Loudon Corp. v State of N.Y. Tax Appeals Trib., 19 NY3d 1058, 1060 [2012], cert denied 571 US 952 [2013]; Matter of Grace v New York State Tax Commn., 37 NY2d at 196). Further, as the Department is the agency charged with administering the statute, its interpretation "must be upheld absent demonstrated irrationality or unreasonableness" (Matter of Island Waste Servs., Ltd. v Tax Appeals Trib. of the State of N.Y., 77 AD3d 1080, 1082 [2010], lv denied 16 NY3d 712 [2011]; see Matter of HDV Manhattan, LLC v Tax Appeals Trib. of the State of N.Y., 156 AD3d 963, 965 [2017]; Matter of Exxon Mobil Corp. v State of N.Y. Tax Appeals Trib., 126 AD3d 1059, 1060 [2015], lv denied 25 NY3d 912 [2015]). This Court's scope of review is limited; so long as the Tribunal's determination is rationally based and is supported by substantial evidence, it must be confirmed, even if a different conclusion would not have been unreasonable (see Matter of American Tel. & Tel. Co. v State Tax Commn., 61 NY2d 393, 400 [1984]; Matter of Jay's Distribs., Inc. v Boone, 148 AD3d 1237, 1237 [2017], lv denied 29 NY3d 918 [2017]; Matter of CS Integrated, LLC v Tax Appeals Trib. of State of N.Y., 19 AD3d 886, 889 [2005]).
As relevant here, prior to its repeal, Tax Law former article 32, imposed a franchise tax on banking corporations for the privilege of exercising its franchise or doing business in New York (see Tax Law former § 1451 [a]). Computation of the franchise tax was based upon either a percentage of a banking corporation's ENI, its taxable assets, its alternative entire net income or a fixed dollar amount, whichever base resulted in imposition of the highest tax (see Tax Law former § 1455 [a], [b] [1]-[3]). For purposes of computing ENI, a banking corporation was allowed a deduction for its NOLs, which, with the exception of four statutory exceptions not applicable here, "shall be presumably the same as the [federal NOL] deduction allowed under [Internal Revenue Code (26 USC) § 172]" (Tax Law former § 1453 [k-1]).
The facts of this matter are not in dispute. In 2005, for New York banking corporation franchise tax purposes, petitioner incurred a net operating loss of $9,259,151. In 2006, petitioner elected not to carry over and claim any of its 2005 New York NOL deduction to reduce its ENI, concluding that it was not necessary to do so because its franchise tax liability for that year was calculated using an alterative tax base (i.e., its taxable assets), not its ENI. Thus, petitioner carried forward the entirety of its 2005 New York NOL deduction, claiming it on its 2007 New York franchise tax return. Following an audit, the notice of deficiency subsequently issued to petitioner represented, among other things, the additional franchise tax that petitioner would have owed had it deducted its 2005 New York NOL for the presumptively required amount in 2006 (i.e., $3,767,459)[FN5]. The question to be resolved by this Court, therefore, is whether the Tribunal's determination interpreting Tax Law former § 1453 (k-1) as requiring petitioner to use its 2005 New York NOL deduction to decrease its 2006 ENI by the presumptively required deduction (see Tax Law former § 1453 [k-1]) was irrational, despite the fact that its franchise tax liability for that year was calculated based upon an alternative tax basis.
We are unpersuaded by petitioner's contention that the Tribunal's determination [*4]constituted an error of law or was otherwise irrational. Notably, Tax Law former § 1453 (k-1) was statutorily coupled with the federal ordering rules set forth in Internal Revenue Code (26 USC) § 172, which specifically provided that "[t]he entire amount of the [NOL] for any taxable year . . . shall be carried to the earliest of the taxable years to which . . . such loss may be carried" (Internal Revenue Code [26 USC] § 172 [b] [2]). Thus, for banking corporation franchise tax purposes, application of this federal ordering rule was not a mere attempt by the Department to achieve "mechanical conformity with federal tax principles"; it was statutorily required and, as such, said presumption served as the "starting point" for determining the amount of NOL that must be used to offset a taxpayer's ENI (see Matter of Aetna Cas. & Sur. Co. v Tax Appeals Trib. of State of N.Y., 214 AD2d 238, 241 [1995], lv denied 87 NY2d 811 [1996]; Matter of Eveready Ins. Co. v New York State Tax Commn., 129 AD2d 958, 959-960 [1987], lv denied 70 NY2d 604 [1987]; Matter of Telmar Communications Corp. v Procaccino, 48 AD2d 189, 191 [1975]).
Petitioner contends that the Tribunal must disregard this federal ordering rule where, as here, a taxpayer does not derive a tax benefit from the application thereof. However, the fact that a taxpayer may not reap a franchise tax benefit in a given year is not determinative of the issue, so long as such a result is not inconsistent with the application of the statute (see Matter of Royal Indem. Co. v Tax Appeals Trib., 75 NY2d at 78; Matter of Grace v New York State Tax Commn., 37 NY2d at 196; Matter of American Employers' Ins. Co. v State Tax Commn., 114 AD2d 736, 738 [1985]), and it remains petitioner's burden "to establish that any deduction claimed on its return is clearly provided for by statute" (Matter of American Employers' Ins. Co. v State Tax Commn., 114 AD2d at 738). Here, there is nothing in the language of Tax Law former § 1453 (k-1), and petitioner has not cited to any other statutory authority, that provides a banking corporation with the option to deduct none of its available New York NOL carryover deduction in subsequent years where it posts a positive ENI, solely because its franchise tax liability for that year is calculated using an alternative tax base (see Tax Law former § 1453 [k-1]; see generally Matter of Grace v New York State Tax Commn., 37 NY2d at 197).[FN6]
The Tribunal's determination in Matter of Brooke-Bond Group (U.S.) Inc. (1995 WL 774860, 1995 NY Tax LEXIS 659 [NY St Div of Tax Appeals DTA No. 810951, December 28, 1995]), meanwhile, does not mandate a different result. Matter of Brooke-Bond did not determine whether the presumptively required deduction provided for in Tax Law former § 1453 (k-1) is effectively rebutted where, as here, a banking corporation's franchise tax liability for a given year is calculated using an alternative tax base. Rather, Matter of Brooke-Bond determined that, in an instance where claiming a New York NOL deduction would result in a banking corporation having a negative ENI for a given year, the taxpayer only had to claim that portion of its available New York NOL deduction necessary to reduce its ENI to zero. This holding was based on the federal rule that NOL deductions were limited to the amount necessary to bring a taxpayer's taxable income to zero (see Internal Revenue Code [26 USC] § 172 [b] [2] [B]), which, by application thereof, effectively served to rebut the presumption that a taxpayer's New York NOL must be the same as its federal NOL. Unlike Matter of Brooke-Bond, there is no analogous federal rule of conformity or ordering rule that tethers the use of an available New [*5]York NOL deduction to a taxpayer's payment of franchise tax on an alternative tax basis [FN7]. Nor do we find that any of the various policy considerations set forth by petitioner otherwise sustained its burden of proving its entitlement to such a deduction.
The Tribunal's determination, therefore, is consistent with the statute and it was not irrational, and petitioner has otherwise failed to establish that its interpretation of the statute "is the only logical construction of the statutory language" (see Matter of Aetna Cas. & Sur. Co. v Tax Appeals Trib. of State of N.Y., 214 AD2d at 241). Accordingly, giving deference to the Tribunal and its statutory interpretation of Tax Law former § 1453, we find that its determination requiring petitioner to claim a portion of its 2005 New York NOL deduction equal to its federal NOL deduction in the 2006 tax year to be reasonable and supported by substantial evidence in the record (see Matter of Royal Indem. Co. v Tax Appeals Trib., 75 NY2d at 78; Matter of Aetna Cas. & Sur. Co. v Tax Appeals Trib. of State of N.Y., 214 AD2d at 241; Matter of Eveready Ins. Co. v New York State Tax Commn., 129 AD2d at 959; Matter of Telmar Communications Corp. v Procaccino, 48 AD2d at 191). To the extent not specifically addressed, petitioner's remaining contentions have been reviewed and found to be unavailing.
Garry, P.J., Clark, Mulvey and Rumsey, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.



Footnotes

Footnote 1: In 2016, prior to the commencement of this proceeding, TD Holdings II, Inc. was liquidated into Toronto Dominion Holdings (U.S.A.), Inc. For purposes of this proceeding, all references to petitioner will refer to both entities.

Footnote 2: Tax Law article 32 was repealed by L 2014, ch 59, § 1, effective January 1, 2015. Its provisions, however, remain in full force and effect with respect to taxable tax years prior to January 1, 2015 and, therefore, were controlling at all times relevant to this proceeding.

Footnote 3: For federal income tax purposes, petitioner and its subsidiaries were included as part of a consolidated federal tax return with a larger group of corporate entities. Thus, in order to calculate petitioner's New York banking corporation franchise tax liability for 2005, 2006 and 2007, petitioner prepared pro forma federal income tax returns, reflecting the income and deductions that petitioner and its subsidiaries would have reported had they each filed their own consolidated federal income tax returns.

Footnote 4: The ALJ did sustain the notice of deficiency, in part, to the extent that it found petitioner's 2007 New York NOL deduction was required to be capped at $7,979,587, as opposed to the $9,259,151 claimed, to ensure that its New York NOL deduction did not exceed its federal NOL deduction for the same year (see Tax Law former § 1453 [k-1] [3]).

Footnote 5: Although petitioner's choice not to carry forward and claim its 2005 New York NOL deduction on its 2006 franchise tax return did not effect its tax liability for that year, insofar as its 2007 franchise tax liability was measured based upon its ENI, by carrying over the entirety of its 2005 New York NOL deduction, petitioner significantly reduced its franchise tax liability in 2007.

Footnote 6: Rather, by operation of Tax Law former § 1455, banking corporations were required to compute their franchise tax due for a given year applying all four available alternative tax bases and, thereafter, pay according to whichever alternative tax base resulted in the imposition of the highest tax.

Footnote 7: Notably, in Matter of Brooke-Bond, the applicable NOL deduction reduced the petitioner's ENI for the given year to zero. As such, the petitioner's franchise tax liability for that year was, as here, necessarily calculated utilizing an alternative tax base.